IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Aetna Life Insurance Company** | § § | |
| **Plaintiff** | § § | |
| V. | § § | No. 4:13-cv-3412 |
| **Methodist Hospitals of Dallas d/b/a Methodist Medical Center and Charlton Medical Center, et al.** | § § § § § | |
| **Defendant** | § | |

**PLAINTIFF AETNA LIFE INSURANCE COMPANY'S
FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Aetna Life Insurance Company ("Aetna"), files this First Amended Complaint for Declaratory Judgment complaining of Methodist Hospitals of Dallas d/b/a/ Methodist Medical Center and Charlton Medical Center ("Methodist Hospital"), Texas Health Resources ("THR"), and Defendant Medical Center Ear, Nose & Throat Associates of Houston, P.A. ("ENT"), collectively "the Defendants." Aetna would respectfully show the Court as follows:

**Preliminary Statement**

1.  Millions of Texans are members of health plans established or maintained by their employers. Aetna-related companies administer many hundreds of such plans in the State of Texas alone.

2. Approximately 75% of the plans administered by Aetna affiliates in Texas are "self-funded" plans in which the claims administrator (Aetna) does not underwrite or insure the benefits being paid. In self-funded plans, those benefits are funded directly by the employers themselves, and Aetna provides claims administrative services to the self-funded plans.

3. Such self-funded employee benefit plans are not subject to the insurance laws of the State of Texas (or any other state). Instead, they are exclusively regulated by the Employee Retirement Income Security Act of 1974 or "ERISA," 29 U.S.C. §§ 1001 et seq.

4. Congress sets aside this area of exclusive federal regulation through ERISA's broad preemption clause and the power of the Supremacy Clause under the United States Constitution. *See generally* U.S. Const. art. VI, clause 2; 29 U.S.C. § 1144(a). Indeed, ERISA preemption is so broad that any attempt to duplicate, supplement, or supplant ERISA's civil enforcement remedy conflicts with clear congressional intent to make that remedy exclusive, and is exclusively federal, no matter how it is pleaded. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

5. Under these well-established principles, courts have widely held that state law penalties for improper or tardy adjudication of ERISA claims for benefits are preempted by ERISA. *See Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 274–76 (5th Cir. 2004) (preempting late payment penalties under the Texas Insurance Code); *see also Schoedinger v. United Healthcare of the Midwest, Inc.*, 557 F.3d 872, 876 (8th Cir. 2009); *America's Health Ins. Plans v. Hudgens*, 915 F. Supp. 2d 1340,

1360–62 (N.D. Ga. 2012); *N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 315–17 (S.D. Tex. 2011).

6. But now, the Defendants are demanding millions of dollars from Aetna under the Texas Prompt Pay Act on the ground that Aetna was too slow to adjudicate and pay them for services or supplies provided to participants and beneficiaries in self-funded ERISA plans.

7. Aetna therefore seeks a declaration that (1) the Texas Prompt Pay Act, by its terms, does not apply to self-funded plans, which do not involve the insurance relationship that is required under the statute, or (2) if the statutes do apply to self-funded plans, they are preempted by ERISA.

## Jurisdiction And Venue

8. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1331 because this dispute arises under the laws of the United States. *See* 28 U.S.C. §§ 2201–2202; 29 U.S.C. § 1132(a)(2) & (3); 29 U.S.C. § 1144(a).

9. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)(2) and § 1391(d).

## Parties

11. Plaintiff Aetna Life Insurance Company is a foreign corporation with its principal place of business in Connecticut that is licensed to do business in Texas.

12. Defendant Methodist Hospitals of Dallas is a Texas Corporation with its principal place of business in Texas. Defendant Methodist Hospitals of Dallas may be served with this First Amended Complaint by service on its Agent for Service, CT Corporation System, 350 St. Paul Street, Dallas, Texas 75201.

13. Defendant Texas Health Resources is a Texas nonprofit corporation with its principal place of business in Texas. Defendant Texas Health Resources may be served with this First Amended Complaint by service on its Agent for Service, Charles W. Boes, 612 E. Lamar Blvd., Suite 900, Arlington, TX 76011.

14. Defendant Medical Center Ear, Nose & Throat Associates of Houston, P.A. is a Texas professional association with its principal place of business in Texas. Defendant Medical Center Ear, Nose & Throat Associates of Houston, P.A. may be served with this First Amended Complaint by service on its Agent for Service, Douglas Blackard, 4101 Greenbriar St., Ste. 320, Houston, TX 77098.

## Factual Background

15. Aetna provides claims administration services for self-funded employee welfare benefit plans as defined by 29 U.S.C. § 1002(1) & (3).

16. Those plans are established and maintained by employers/plan sponsors/administrators as defined by 29 U.S.C. § 1002(1), (5), & (16).

17. In carrying out its administrative duties, Aetna is a fiduciary as defined by 29 U.S.C. § 1002(21)(A) when it makes a claims determination.

18. Defendants entered into contracts to provide services and supplies to Aetna members.

19. True and correct copies of relevant portions of pertinent contracts and any relevant amendments are submitted as exhibits A through D to this First Amended Complaint and are incorporated by reference as if set out in full.

20. The Defendants contracts were made on behalf of the Aetna-related affiliates. Aetna Life Insurance Company is the Aetna-related affiliate that provides claims administrative services to self-funded employee welfare benefits under the Defendants' Contracts.

21. The Contracts defined "Plan" as any health benefit product or plan issued, administered, or serviced by Company or one of its Affiliates, including HMO, preferred provider organization, indemnity, Medicaid, Medicare as specified in the attached Services and Compensation Schedules.

22. The Contracts defined "Payor" to include employer plan sponsors and administrators, specifically as an employer, insurer, health maintenance organization, labor union, organization or other person or

entity which has agreed to be responsible for funding benefit payments for Covered Services provided to Members under the terms of a Plan.

23. The Parties defined "Sponsor" to include employers who self-fund employee welfare benefits, specifically, an entity that has contracted with Company to issue, administer, or service a Plan, including, without limitation, employer groups sponsoring or offering a self-insured Plan to their employees.

24. Under the Contracts, Aetna has no obligation to pay the Defendants for claims arising from self-funded plans in the event the Payor or member fails to pay them.

### A Controversy Exists Between Plaintiff And Defendants

25. An actual controversy exists between Plaintiff and Defendants.

26. Defendants have demanded penalties from Aetna pursuant to the Texas Health Maintenance Organization Act and Texas Insurance code, Chapter 1301, (collectively, the Texas Prompt Pay Act). True and correct copies of demands from the Defendants are submitted herewith as Exhibits E through G and are incorporated by reference as if set out in full.

27. Defendants' demands include claims involving self-funded employee welfare benefit plans.

28. Defendants' demands include claims involving self-funded employee welfare benefit plans administered within this district.

29. Defendants' demands include claims involving self-funded employee welfare benefits in which Aetna made a coverage determination under the terms of an ERISA plan.

30. Defendants seek statutory penalties on claims to which neither the Prompt Pay Act nor any contracted penalty applies.

31. Defendants seek statutory penalties on claims to which only a contracted penalty, if any, would apply.

32. Defendants seek statutory penalties on claims that were promptly paid under the parties' contractual deadlines.

33. For example, but without limitation, on September 24, 2013, Methodist Hospital demanded payment of $10,334,04.84 pursuant to the Texas Health Maintenance Organization Act (Texas Insurance Code, Chapter 843) and Texas Insurance code, Chapter 1301, which applies to Preferred Provider Benefit Plans (collectively, the Texas Prompt Pay Act).

34. Methodist Hospital demanded penalties based upon a 30 day deadline rather than the 45 day deadline contained in its agreement.

35. Methodist Hospital has complained of 1977 encounters for which it is seeking a penalty. Of those, 1410 encounters were allegedly paid after the statutory deadline but before the contractual deadline. These claims, timely paid as a matter of law, make up approximately half of the Plaintiff's demand, or $5,118,698.

36. Methodist Hospital has also demanded billed charges of $10,713.25 for services provided to patient A.S. Methodist Hospital alleges that it had a contracted rate for these services of $7.46, which Aetna paid in full. Methodist Hospital was paid before day 45 and the 1.5% interest

penalty is not implicated, if at all, until day 46. Methodist Hospital contends it was entitled to be paid by day 31, and it contends it is entitled to the statutory penalty instead of the contracted penalty. So, although no penalty of any kind is due as a matter of law, Methodist seeks a greater portion of its billed charges than contractually allowed by seeking relief under the Prompt Pay Act, demanding that Aetna pay 1/2 of the difference between paid amount [$7.46] and billed charges [$10,713.25], or $5,352.89.

### The Texas Prompt Pay Act

37. For self-funded plans, Aetna does not underwrite or insure the payments due to the Defendants. Instead, employers, in their capacities as plan sponsors or plan administrators, fund those benefits from their own general revenues.

38. The express terms of the Texas Prompt Pay Act only apply to "insurers" and "insurance"—the Statutes cannot and do not apply to claims under self-funded medical benefit plans.

39. "Insurer" is narrowly defined as "a life, health, and accident insurance company, health and accident insurance company, health insurance company, or other company operating under Chapter 841, 842, 884, 885, 982, or 1501, that is authorized to issue, deliver, or issue for delivery in this state health insurance policies."[1]

40. The Texas Prompt Pay Act does not apply where there is no "health insurance policy" and no "insurer." *See* Tex. Ins. Code Ann. § 1301.0041 (West 2009 & Supp. 2013).

---

[1] *See* Tex. Ins. Code Ann. § 1301.001(5) (West 2009 & Supp. 2013).

HOU:3377075.3

41. A self-funded health plan is not an insurer and does not provide health insurance. *See Tex. Dep't of Ins. v. Am. Nat'l Ins. Co.*, No. 10-0374, 2012 WL 1759457, at *2 (Tex. May 18, 2012).

42. Thus, the self-funded benefit plans administered by Aetna are not "insurance policies" within the definition of the Texas Insurance Code, and Aetna did not provide any funding as an "insurer." The Texas Prompt Pay Act therefore does not apply and the Defendants are not entitled to statutory penalties for self-funded medical claims.

### ERISA Preemption

43. ERISA contains a broad preemption provision, which states:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.[2]

44. The Texas Prompt Pay Act, if applied to claims for payment arising from self-funded ERISA plans "relates to" ERISA employee benefit plans and is preempted by ERISA.

### Count One
### (For Declaratory Judgment)

45. Aetna is entitled to a declaration that the Texas Prompt Payment Act does not apply to the administration of benefits for self-funded employee benefit plans or alternatively is preempted by ERISA under the Supremacy Clause of the United States Constitution,

---

[2] 29 U.S.C. § 1144(a).

–9–

article VI, clause 2. In either event, Defendants are not entitled to seek or collect statutory penalties on claims for payment arising from self-funded ERISA plans.

46. For each of the individual claims contained in the Defendants' demands, Aetna seeks a declaration concerning (a) what if any deadline applies to the adjudication of those claims, and (b) what if any penalty would apply for the failure to timely adjudicate those claims.

47. Aetna is entitled to its reasonable and necessary attorneys' fees and costs.

### Prayer

WHEREFORE, Aetna respectfully requests that the Court:

(1) Declare that the Act does not apply to the administration of benefits for self-funded employee benefit plans or alternatively, as applied to self-funded employee benefit plans, is preempted by ERISA and is violative of the Supremacy Clause of the United States Constitution, article VI, clause 2;

(2) Declare (a) what if any deadline applies to the adjudication of the claims in the Plaintiff's demand, and (b) what if any penalty would apply for the failure to timely adjudicate the claims.

(2) Award Aetna its reasonable and necessary attorneys' fees; and

(3) Grant all other relief, at law or in equity, to which Aetna may be justly entitled.

HOU:3377075.3

| | Respectfully submitted, |
|---|---|
| OF COUNSEL: | |
| Dimitri Zgourides | By: /s/ John B. Shely |
| Texas Bar No. 00785309 | JOHN B. SHELY |
| S.D. ID No. 16513 | Texas Bar No. 18215300 |
| Kendall M. Gray | S.D. ID No. 7544 |
| Texas Bar No. 00790782 | jshely@andrewskurth.com |
| S.D. ID No. 19148 | ANDREWS KURTH LLP |
| Mitchell A. Reid | 600 Travis, Suite 4200 |
| Texas Bar No. 24037346 | Houston, Texas 77002 |
| S.D. ID No. 34728 | (713) 220-4105 |
| ANDREWS KURTH LLP | (713) 220-4285 (Fax) |
| 600 Travis, Suite 4200 | |
| Houston, Texas 77002 | ATTORNEY-IN-CHARGE FOR |
| (713) 220-4200 | PLAINTIFF AETNA LIFE |
| (713) 220-4285 (Fax) | INSURANCE COMPANY |

–11–

HOU:3377075.3