IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AETNA LIFE INSURANCE COMPANY *
                                      *
         Plaintiff     *
                                        *

V.                              *    No. 4:13-cv-3412
                                        *

METHODIST HOSPITALS OF DALLAS *
d/b/a Methodist Medical Center   *
and Charlton Medical Center     *
TEXAS HEALTH RESOURCES and  *
MEDICAL CENTER EAR, NOSE &  *
THROAT ASSOCIATES OF HOUSTON,*
P.A.                            *
                                        *
       Defendants  *

**DEFENDANT METHODIST-DALLAS'
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
UNDER RULE 12(B)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE,
AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE
PURSUANT TO 28 USC §1406 OR §1404(a)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Methodist Hospitals of Dallas, d/b/a Methodist Medical Center and Charlton Medical Center ("Methodist-Dallas") and pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and files this its Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, and in the Alternative, Motion to Transfer Venue Pursuant to 28 USC §1406 or §1404(a), and in support thereof, would respectfully show the Court as follows:

**I.**    **BACKGROUND FACTS**

1.    Methodist-Dallas is a hospital system in Dallas with locations throughout the Dallas-Fort Worth ("DFW") area.  Methodist-Dallas is a hospital system in Dallas with health care facilities located in Dallas, Collin, Ennis and

Tarrant Counties, Texas only.[1]   Methodist-Dallas is based in Dallas, Texas, located in the Northern District of Texas. Methodist-Dallas has no locations in the Southern District of Texas.

2.      Methodist Dallas Medical Center is a hospital owned by Methodist-Dallas and is located just southwest of downtown Dallas, at 1441 N. Beckley Avenue, Dallas, Texas 75203.  It has 515 licensed beds, and employs at that location 2,857 individuals, including 256 physicians who are not employed but are members of the medical staff.[2]

3.      Charlton Medical Center is a hospital owned by Methodist-Dallas and is located in southwest Dallas, at 3500 W. Wheatland Road, Dallas, Texas 75237.  It has 269 licensed beds, and employs at that location 1,745 individuals, including 264 physicians, including 264 physicians who are not employed but are members of the medical staff.[3]

4.      Methodist-Dallas entered into a Managed Care Agreement, with Aetna US Healthcare of North Texas, Inc., effective January 1, 2001.[4]  This contract involved these two companies, both located in the Northern District of Texas, provided for notices to both entities to be provided in Dallas, Texas,[5] and for reimbursement for services rendered to occur in Dallas, Texas.[6]

---

[1] Ex. A to Joint Motion of Methodist-Dallas and THR for the Court to Abstain from Exercising Jurisdiction and to Dismiss Plaintiff's First Amended Complaint Against Them ("Abstention Motion), Declaration of Charles Brizius, ¶2, n 1 - http://www. methodisthealthsystem.org/images/maps/Methodist-Facility-Map-Nov2013-lg.jpg.
[2] *Id.*, ¶4 http://www.methodisthealthsystem.org/dallas;.
[3] *Id.*, ¶5 & Ex.  3 thereto - http://www.methodisthealthsystem.org/charlton.
[4] Ex. A to Plaintiff Aetna Life Insurance Company's Original Complaint (hereinafter "Original Complaint").
[5] *Id.*, at p. 12 of 69, ¶11.8 ("Notices").
[6] *Id.*, at p. 14 of 69.

5.      No physical location owned or operated by Methodist-Dallas is located in the Southern District of Texas.[7]

6.      No employee of Methodist-Dallas works in the Southern District of Texas.  Methodist-Dallas has 6,346 employees.  Only 8 of our 6,346 employees list their residence in the Southern District of Texas.  Each of those 8 employees do not work in the Southern District of Texas.[8]

7.      The Methodist-Dallas contract with Aetna Health, Inc. was not entered into in the Southern District of Texas, nor did it call for the performance of such contract or the payment therefor, to occur in the Southern District of Texas.[9]

8.      Methodist-Dallas entered into a Managed Care Agreement with Aetna US Healthcare of North Texas, Inc., effective January 1, 2001.[10]  This contract involved these two companies, both located in Dallas, Texas in the Northern District of Texas, provided for notices to both entities to be provided in Dallas, Texas,[11] and for reimbursement for services rendered to occur in Dallas, Texas.[12]

9.      On December 31, 2002, Aetna Health of North Texas, Inc. was merged into Aetna Health, Inc., with its home office in Dallas, Texas.[13]

10.     Effective June 1, 2009, the contract was amended, and the Amendment thereto was made between Methodist-Dallas as the "provider" and Aetna Health, Inc., as the "Company" in order to include new Methodist

---

[7] Ex. A to Abstention Motion, Affidavit of Charles Brizius, ¶6.
[8] *Id.,* ¶7.
[9] *Id.,* ¶8.
[10] Ex. A to Original Complaint.
[11] *Id.,* at p. 12 of 69, ¶11.8 ("Notices").
[12] *Id.,* at p. 14 of 69.
[13] Ex. A to Abstention Motion, Affidavit of Charles Brizius, ¶10 & Ex. 5 thereto https://apps.tdi.state.tx.us/pcci/pcci_show_profile.jsp?tdiNum=5791.

locations in Dallas in the contract.[14]  This amendment was signed by Tim Kirby, as VP of Methodist Hospitals of Dallas, and by Sheila Ware the Company's "Network Vice President – North Texas."[15]

11.      Effective September 1, 2009, Methodist-Dallas and Aetna Health, Inc. amended the contract again to include Methodist Richardson Medical Center in the contract, and to modify compensation schedules.[16]

12.      On September 15, 2010, Methodist-Dallas and Aetna Health, Inc. amended the contract again to, among other things, permit Methodist to include new locations into the contract by providing 120 days notice to the Company.[17]

13.      No physical location, no employee and no principal of Methodist-Dallas works in the Southern District of Texas.  Likewise, the contract with Aetna Health, Inc. was no entered into in the Southern District of Texas, nor did it call for the performance of such contract or the payment thereof, to occur in the Southern District of Texas.  No individual employed by my Methodist-Dallas resides or works in the Southern District of Texas.[18]

14.      Finally, on June 1, 2011, Methodist-Dallas and Aetna Health, Inc. amended the contract again to modify the applicable compensation schedule.[19]

15.      No provision of the contract, nor the amendments thereto, ever called for services to be rendered in the Southern District of Texas.[20]

16.      Each contract, and each amendment thereto, was entered into in the Northern District of Texas.[21]

---

[14] Ex. A to Original Complaint, June 1, 2009 Amendment, p. 1 of 2.
[15] *Id.*, p. 2 of 2.
[16] Exhibit B to Original Complaint, p. 1 of 4.
[17] Exhibit A to Original Complaint, September 15, 2010 Amendment, pp. 1-2, ¶3.
[18] Ex. A to Abstention Motion, Affidavit of Charles Brizius, ¶¶7-8.
[19] *Id.* ¶14; Ex. A to Original Complaint, June 1, 2011 Amendment, p. 1 of 14.
[20] *Id.* ¶15.

17.     All payments made pursuant to the contract were made in the Northern District of Texas.[22]

18.     Plaintiff has its agent for service of process in Dallas, Texas.[23] Plaintiff served Defendant through its agent for service of process in Dallas, Texas.

19.     As indicated below, there is no basis for venue in the Southern District of Texas.

## II.     VENUE IN THE SOUTHERN DISTRICT OF TEXAS IS IMPROPER

20.     Plaintiff provides the Court with no factual allegations in its Original Complaint,[24] nor in its First Amended Complaint, under which venue in the Southern District of Texas could be predicated.

21.     Specifically, with respect to venue, Plaintiff alleges in Paragraph 10 of both its Original Complaint and its First Amended Complaint, merely that "[v]enue is proper in this Court under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b)(2) and §1391(d)."

---

[21] *Id.* ¶16.
[22] *Id.* ¶18.
[23] *Id.* ¶19 & Ex. 6 thereto - https://apps.tdi.state.tx.us/pcci/pcci_show_profile.jsp?tdiNum=400.
[24] *See* Original Complaint.  Apparently aware of this, Plaintiff filed a First Amended Complaint, adding an entity from Houston with whom it has no justiciable controversy.   *See* Plaintiff Aetna Life Insurance Company's First Amended Complaint (hereinafter "First Amended Complaint), adding as a Defendant Medical Center Ear Nose & Throat Associates of Houston, P.A. ("Medical Center ENT").  Plaintiff has no justiciable controversy against Medical Center ENT. *See* Motion to Dismiss Plaintiff's First Amended Complaint Against Medical Center ENT.

**A.     Venue is Not Proper Here Under 29 U.S.C. §1132(e)(2)**

22.     Persons empowered to bring a civil action under 29 USC §1132 are listed in subsection (a) thereof.  Plaintiff clearly does not fall with any subsection therein:

- (a)(1), as it is not a plan participant or beneficiary bringing a civil action (A) seeking relief in subsection (c) for an administrator's refusal to supply requested information; or (B) to recover benefits, or to enforce or clarify rights under the terms of a plan;

- (a)(2), as this is not a civil action seeking relief under 28 USC §1109;

- (a)(3), as this is not an action to enjoin any act or to enforce the provisions of that subchapter or a plan;

- (a)(4), as this is not an action by the Secretary, or by a participant, or beneficiary for appropriate relief for a violation of §1025(c) concerning individual statements furnished by an administrator to plan participants;

- (a)(5), as this is not a suit by the Secretary;

- (a)(6), as this is not a suit by the Secretary;

- (a)(7), as this is not a suit by a State;

- (a)(8), as this is not a suit alleging a violation of 29 USC §1021(f);

- (a)(9), as this is not a suit relating to the termination of an individual's status as a participant covered under a pension plan; and

- (a)(10), as this is not a suit relating to a multiemployer plans certified to be in endangered or critical status.

As such, Plaintiff cannot allege venue under 29 USC §1132(e)(2) since it is not a person empowered to bring such an action under 29 USC §1132(a).

23.     Moreover, were it empowered to bring it under 29 USC §1132(a), Plaintiff still is not entitled to bring such a suit in the Southern District of Texas. An action under 29 USC §1132(e)(2) "may be brought in the district

     [1] where the plan is administered,

[2] where the breach took place, or

[3] where a defendant

[a] resides, or

[b] may be found."[25]

24. The late-pay claims here involve medical services rendered by Methodist-Dallas to beneficiaries of health plans that were not administered in the southern district of Texas. If Plaintiff alleges that it administered the claims, it cannot claim that it did so in the Southern District of Texas because Plaintiff is located in Hartford, Connecticut.[26] Moreover, Plaintiff makes no showing that these claims were administered in the Southern District of Texas.

25. No Texas Prompt Pay Act ("TPPA") violation occurred in the Southern District of Texas. Methodist-Dallas' TPPA allegations involve claims processed and paid under the Managed Care Agreement between Aetna Health, Inc. and Methodist-Dallas, which was executed in the Northern District of Texas, for services performable in the Northern District of Texas, and requiring payment in the Northern District of Texas.

26. Methodist-Dallas resides in Dallas, Texas, in the Northern District of Texas.

27. Defendant may not be found in the Southern District of Texas.

28. In sum, both for the reason that it is not a person empowered to bring a civil action under 29 USC §1132(a), and for the reason that the Southern District of Texas is neither the location where these claims were administered,

---

[25] 29 U.S.C. §1132(e)(2).
[26] https://apps.tdi.state.tx.us/pcci/pcci_show_profile.jsp?tdiNum=400#CONTACT.

where a breach of the plan provisions took place, nor where Methodist-Dallas

resides or may be found, venue is not proper under 29 USC §1132(e)(2).

**B.     Venue is Not Proper Here Under 28 U.S.C. §1391(b)(2)**

29.     The general venue provision of 28 USC 1391(b)(2) provides

(b) Venue in General. - A civil action may be brought in - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[27]

30.     Plaintiff's Original Petition was filed against only Methodist

Hospital of Dallas, which does not reside in the Southern District of Texas.  Thus,

no venue in the Southern District of Texas for Plaintiff's Original Complaint was

provided for by 28 USC 1391(b)(2)(1).   Likewise, the Plaintiff's Original

Complaint was not properly filed in the Southern District of Texas because

neither "a substantial part of the events or omissions giving rise to the claim

occurred" there, nor is "a substantial part of property that is the subject of the

action is situated" there.

31.     To remedy its problem, and only after Defendant realized this Court

had drawn the assignment of its Original Complaint, Plaintiff then filed a First

Amended Complaint, seeking to add two other Defendants – Texas Health

Resources ("THR") and Medical Center Ear, Nose and Throat Associates, N.A.

("Medical Center ENT").  While Defendants will demonstrate elsewhere that

Aetna's "forum shopping" actions suggest that the Court should not exercise

jurisdiction over Plaintiffs' declaratory judgment action, its attempt to fix its

---

[27] 28 USC §1391(b)(2).

venue problem by adding in Medical Center ENT fails for the reason that

Plaintiff has no justiciable controversy against said entity.

32.      Medical Center ENT, a venue pawn added only to fix Plaintiff's

venue problem against Methodist-Dallas and THR, is a client of the undersigned,

who is **_not_** bringing TPPA claims against Plaintiff.

33.      As Plaintiff's First Amended Complaint against Medical Center

ENT must be dismissed for a lack of a justiciable controversy, it cannot serve as

Plaintiff's "venue defendant."   As such, Plaintiff has no proper venue under 28

USC §1391(b)(2) against Methodist and THR in the Southern District of Texas.

**C.      Venue is Not Proper Here Under 28 U.S.C. §1391(d)**

34.      Plaintiff next seeks to establish venue in the Southern District of

Texas by invoking 28 USC §1391(d), which provides:

> (d) Residency of Corporations in States With Multiple Districts. -
> For purposes of venue under this chapter, in a State which has
> more than one judicial district and in which a defendant that is a
> corporation is subject to personal jurisdiction at the time an action
> is commenced, such corporation shall be deemed to reside in any
> district in that State within which its contacts would be sufficient to
> subject it to personal jurisdiction if that district were a separate
> State, and, if there is no such district, the corporation shall be
> deemed to reside in the district within which it has the most
> significant contacts.[28]

35.      Defendant Methodist-Dallas has no contacts in the Southern

District of Texas "sufficient to subject it to personal jurisdiction if that district

were a separate State."   As such, it is "deemed to reside in the district within

which it has the most significant contacts."

36.      Importantly, Plaintiff has alleged in its Original Complaint, and

then in its First Amended Complaint, not one venue fact which would entitle it

---

[28] 28 U.S.C. §1391(d)

to bring claims against Methodist-Dallas in the Southern District of Texas.  It has not done so because it cannot do so.

**D.     Venue Should Be Transferred for the Convenience of the Parties and the Witnesses**

37.     All the billing and remit data involving Aetna Health, Inc. is maintained in the Northern District of Texas, by employees working in Dallas in the Northern District of Texas.   The distance between Dallas, Texas, where the witnesses and files of Methodist-Dallas are located, and Houston, Texas, where the federal courthouse for the Southern District of Texas – Houston Division – is located, is approximately 239 miles by land transportation and 225 miles by air transportation.[29]  Requiring Methodist-Dallas to defend itself in Houston, Texas would be inconvenient to Methodist-Dallas and its employees who would be called as witnesses in this case.

**III.     PRAYER**

38.     As such, Defendant specifically denies that venue is proper before this Court, and respectfully moves the Court to dismiss this case under Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 USC §1406.

39.     Alternatively, Defendant moves the Court under 28 U.S.C. §1406(a) to transfer this case to the Northern District of Texas – Dallas Division.

40.     Finally, if the Court were to decide venue of the case brought was somehow legitimate, which it is not, Defendant respectfully moves the Court under 28 U.S.C. §1404(a) to transfer this case to the Northern District of Texas – Dallas Division.

---

[29] Ex. A to Abstention Motion, ¶18 & Ex. 7 thereto - http://www.freemaptools.com/how-far-is-it-between.htm.

41. Defendant prays that the Court enter the Order Granting Methodist-Dallas' Rule 12(b)(3) Motion to Dismiss, attached hereto as Exhibit A, and for such other and further relief to which it may show, or the Court may determine, it is entitled.

Respectfully submitted,


By:     /s/ Mikal C. Watts
        Texas Bar No. 18215300
        Fed. ID No. 12419
        mcwatts@wattsguerra.com
        WATTS GUERRA LLP
        Four Dominion Drive,
        Bldg. Three, Suite 100
        San Antonio, Texas 78257
        (210) 447-0500
        (210) 447-0501 (fax)

        ATTORNEY-IN-CHARGE FOR
        DEFENDANT METHODIST
        HOSPITALS OF DALLAS

Of counsel:  LAW OFFICE OF JOSEPH V. GIBSON, PC
        Texas Bar No. 24007236
        Fed. ID No. 20-2441630
        Joseph V. Gibson, IV
        10330 Lake Road, Building X
        Houston, Texas 77070
        (281) 370-1810
        (281) 370-1811 (fax)

        FRANCIS, ORR & TOTUSEK, LLP
        Joe Don Ridgell
        Texas Bar No. 24046716
        James M. Orr
        Texas Bar No. 15313600
        Bobby D. Amick
        Texas Bar No. 24059377
        500 N. Akard, Suite 1830
        Dallas, Texas 75201
        (214) 740-4250
        (214) 740-4266 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served electronically on this 9th day of December, 2013 to:

ATTORNEYS FOR PLAINTIFF

John B. Shely          -          jshely@andrewskurth.com
Kendall M. Gray       -          KendallGray@andrewskurth.com
Dimitri Zgourides    -          DZgourides@andrewskurth.com
Mitchell A. Reid       -          MitchReid@andrewskurth.com


By:      /s/ Mikal C. Watts
          ATTORNEY-IN-CHARGE FOR
          DEFENDANT METHODIST
          HOSPITALS OF DALLAS