IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Aetna Life Insurance Company | § | |
| | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | No. 4:13-cv-3412 |
| | § | |
| Methodist Hospitals of Dallas, *et al.* | § | |
| | § | |
|     Defendants | § | |

# PLAINTIFF AETNA LIFE INSURANCE COMPANY'S RESPONSE TO JOINT MOTION TO ABSTAIN FROM EXERCISING JURISDICTION AND TO DISMISS FIRST AMENDED COMPLAINT [Dkt#13]

OF COUNSEL:
Dimitri Zgourides
Texas Bar No. 00785309
S.D. ID No. 16513
Kendall M. Gray
Texas Bar No. 00790782
S.D. ID No. 19148
Mitchell A. Reid
Texas Bar No. 00785309
S.D. ID No. 34728
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

John B. Shely
Texas Bar No. 18215300
S.D. ID No. 7544
Andrews Kurth, L.L.P.
600 Travis Street, Suite 4200
Houston, TX 77002
713.220.4200
713.220.4285 (Fax)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
AETNA LIFE INSURANCE COMPANY

– i –

## TABLE OF CONTENTS

I.  Introduction And Summary ........................................................................... 1

II. Argument .................................................................................................... 2

    A.  The Court has exclusive jurisdiction over Aetna's claim for relief under ERISA § 502(a)(3), and so cannot abstain in favor of a state court proceeding ......................... 2

    B.  The Court should also exercise its jurisdiction over Aetna's other claims, which present novel questions of federal preemption ....................................................................... 4

III. Conclusion .................................................................................................. 8

Certificate Of Service ......................................................................................... 9

## I. INTRODUCTION AND SUMMARY

Methodist and THR demanded tens of millions of dollars from Aetna under the "prompt pay" provisions of the Texas Insurance Code (the "Texas Prompt Pay Statute").[1] As part of efforts to negotiate an amicable resolution, the parties entered into tolling agreements. When negotiations proved unsuccessful, and after the tolling agreements expired by their terms, Aetna filed this suit, seeking a declaration that (1) the Texas Prompt Pay Statute, by its terms, does not apply to self-funded plans, which do not involve the insurance relationship that is required under the Statute, or (2) if the Statute does apply to self-funded plans, it is preempted by ERISA.[2]

Filing a declaratory judgment action after receiving a demand is hardly unusual, let alone improper.[3] Yet Methodist and THR try to spin this action as an improper so-called "strike-suit" that Aetna filed for purposes of "forum shopping" and "judge shopping,"[4] and argue that the Court should abstain under the *Brillhart-Wilton* doctrine.[5] The *Brillhart-*

---

[1] TEX. INS. CODE ANN. §§ 843.336–.354, 1301.131–.139 (West 2009 & Supp. 2013).

[2] Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001–1461.

[3] *See, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128, 127 S. Ct. 764, 771-72 (2007) (observing "[t]here is no dispute" that a refusal to pay amounts demanded created a justiciable controversy); *Drexel Corp. v. Edgewood Dev. Ltd.*, No. 14-13-00353-CV, __ S.W.3d __, 2013 WL 5947007 (Tex. App.—Houston [14th Dist.] Nov. 7, 2013, no pet. h.) (holding that action for declaratory judgment against broker as to when payment became due presented a justiciable controversy and thus was ripe, where broker sent demand letter).

[4] Dkt#13 (Mot. To Abstain) at ¶ 5.

[5] The doctrine comes from *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173 (1942), and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137 (1995).

– 2 –

*Wilton* doctrine is only relevant, however, "where another suit is pending in state court presenting the same issues, **not governed by federal law**, between the same parties." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994) (emphasis added); *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 718, 116 S. Ct. 1712, 1720-21 (1996) (noting that the doctrine applies only in "certain classes" of declaratory judgment actions).

This case involves fundamental issues that *are* governed by federal law—including one issue in which exclusive jurisdiction is statutorily vested in this Court. Abstention is neither available nor appropriate in this case.

## II. ARGUMENT

### A. The Court has exclusive jurisdiction over Aetna's claim for relief under ERISA § 502(a)(3), and so cannot abstain in favor of a state court proceeding

ERISA § 502(a)(3) establishes the right of an ERISA fiduciary to an injunction or other equitable relief against practices violative of ERISA. 29 U.S.C. § 1132(a)(3). Under this provision, an ERISA fiduciary like Aetna can seek such relief based on allegations of improper state regulation. *E.g.*, *MDPhysicians & Assocs. v. State Bd. of Ins.*, 957 F.2d 178, 180 (5th Cir. 1992) (rejecting declaratory action asserting improper state regulation on merits grounds). And ERISA § 502(e)(1) provides that ***only*** a federal district court can issue such relief. 29 U.S.C. § 1132(e)(1) ("Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have ***exclusive*** jurisdiction of civil actions under this subchapter . . .") (emphasis added).

Aetna expressly invokes ERISA § 502(a)(3) in its complaint as a basis for jurisdiction, and seeks all relief to which it is entitled under

ERISA, including ERISA § 502(a)(3).[6] By definition, Aetna has no remedy for its ERISA § 502(a)(3) claim outside a federal forum. *See id.* "When Congress has directed . . . not only that the federal courts may take jurisdiction of a particular class of cases, but also that they have exclusive jurisdiction of those cases, abstention to permit adjudication of the entire case in a state forum defeats the purpose of that legislation." *Key v. Wise*, 629 F.2d 1049, 1059 (5th Cir. 1980); *see Sabre Oxidation Techs., Inc. v. Ondeo Nalco Energy Servs. LP*, No. Civ. A. H-04-3115, 2005 WL 2171897, at *3 (S.D. Tex. Sept. 6, 2005) (denying motion to abstain on several grounds, including that it sought relief "within the exclusive jurisdiction of the federal courts").

It would therefore be "clearly improper" for the Court to abstain from exercising its exclusive jurisdiction in favor of a state court that has no jurisdiction to resolve Aetna's ERISA § 502(a)(3) claims. *Key*, 629 F.2d at 1059.[7]

---

[6] *See* Dkt#5 (Am. Compl.) at ¶¶ 8, 45 & p.10.

[7] *See also Retirement Fund Trust of the Plumbing v. Franchise Tax Bd.*, 909 F.2d 1266, 1274 (9th Cir. 1990) ("The actions before us were brought by the trusts as federal law claims under ERISA. . . . ERISA grants federal courts exclusive jurisdiction over such claims. The trusts could not have initiated an action in state court in their fiduciary capacity. Abstention is inappropriate under these circumstances."); *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983) (declining to abstain from exercising jurisdiction over a claim brought under 29 U.S.C. § 1132(a)(3) since the court had exclusive jurisdiction over the claim); *Walker v. Rose*, 22 F. Supp. 2d 343, 346 (D.N.J. 1998) ("ERISA specifically provides that a federal district court has exclusive jurisdiction over civil actions brought under 29 U.S.C. § 1132(a)(3) by the Secretary, participant, beneficiary or fiduciary of an ERISA plan to enforce the terms of the plan. Thus, as this Court has exclusive jurisdiction over plaintiffs' claim for injunctive relief under ERISA, abstention is clearly inappropriate.") (internal citation omitted).

### B. The Court should also exercise its jurisdiction over Aetna's other claims, which present novel questions of federal preemption

Abstention would be inappropriate even if the Court could somehow ignore its exclusive jurisdiction. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288, 115 S. Ct. at 2143. There are three aspects to the analysis: federalism, fairness, and efficiency. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390–91 (5th Cir. 2003) (discussing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)). All three favor the Court exercising its jurisdiction over Aetna's non-ERISA § 502(a)(3) claims.

"'The presence of federal law issues must always be a major consideration weighing against surrender' of federal jurisdiction." *Sherwin-Williams*, 343 F.3d at 396 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26, 103 S. Ct. 927, 942 (1983)). It is "quintessentially" the obligation of federal courts to "resolve novel questions of federal law." *Youell v. Exxon Corp.*, 74 F.3d 373, 376 (2d Cir. 1996) ("[A] federal question of first impression must all but demand that the federal court hear the case.") (citation omitted).[8] This case involves such novel federal questions, including whether ERISA § 514, or ERISA's claims processing regulations and exclusive remedies, conflict-preempt the Texas Prompt Pay Statute for self-funded ERISA plans.[9]

---

[8] *See also Verizon Commc'ns, Inc. v. Inverizon Int'l, Inc.*, 295 F.3d 870, 874 (8th Cir. 2002) (holding that district court abused its discretion in staying declaratory judgment action where, among other things, it "fail[ed] to consider" the "significant factor" that federal law governed the suit).

[9] *See also ANR Pipeline Co. v. Corp. Comm'n of Okla.*, 860 F.2d 1571, 1580 (10th Cir. 1988) ("There is no doctrine requiring abstention merely because

– 4 –

While Methodist-Dallas and THR ignore these federal law issues in their motion to abstain, they will doubtless argue in reply that there are no questions of first impression here. In their motions to dismiss, Defendants claim that in *Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525 (5th Cir. 2009), the Fifth Circuit "already has rejected" Aetna's ERISA arguments.[10] But *Lone Star* concerns **complete** preemption and removal jurisdiction under ERISA § 502(a). Both *Lone Star* and this Court have held that complete preemption can indeed exist in a dispute with contracted medical providers. *See Bhalla v. Aetna Health Plans of Tex., Inc.*, No. 4:11-cv-4402 (S.D. Tex. March 2, 2012) (Lake, J.) (Memorandum Opinion and Order applying *Lone Star* and denying remand).

*Lone Star* does not mention, let alone "reject," **conflict** preemption of the Texas Prompt Pay Statute under ERISA § 514 or under general federal conflict preemption principles.[11] *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67, 107 S. Ct. 1542, 1548 (1987) (recognizing that ERISA § 502(a) and ERISA § 514(a) involve different inquiries); *Cardona v. Life Ins. Co. of N. Am.*, Civil Action No. 3:09-CV-0833-D, 2009 WL 3199217, at *4 (N.D. Tex. Oct. 7, 2009) (observing that "§ 502 preemption is distinct

---

resolution of a federal question may result in the overturning of a state policy.") (citing *Zablocki v. Redhail*, 434 U.S. 374, 379–80, 98 S. Ct. 673, 678 n.5 (1978)).

[10] Dkt#14 (Joint 12(b)(7) Mot. To Dismiss) at ¶ 5.

[11] The *Lone Star* court identified "two issues we must resolve: (1) whether state law claims that arise out of a contract between medical providers and an ERISA plan are [completely] preempted by ERISA [§ 502(a)]; and (2) whether Lone Star's state law claims in fact implicate only rate of payment issues under the Provider Agreement, or if they actually involve benefit determinations under the relevant plan." 579 F.3d at 529.

– 5 –

from a 'traditional preemption analysis' under § 514"). Methodist-Dallas and THR misunderstand, or pretend to misunderstand, the fundamental federal issues in this case.

Whether the Texas Prompt Pay Statute is conflict preempted by ERISA (and it is) is a novel open question. A federal "preemption issue is principally one of federal law, unarguably subject to federal disposition in a declaratory judgment action." *Solis v. Home Ins. Co.*, No. 10-cv-572-SM, 2011 WL 3841583, at *3 (D.N.H. Aug. 30, 2011) (exercising jurisdiction over declaratory judgment action challenging state insurance statute primarily on federal preemption grounds); *see, e.g.*, *United States Dep't of Treasury v. Fabe*, 508 U.S. 491, 498–510, 113 S. Ct. 2202, 2206-12 (1993) (reaching merits in declaratory judgment action presenting federal preemption challenge to state insurance laws).[12]

As to the fairness and efficiency concerns, Methodist-Dallas and THR offer only cursory objections about the supposed unfairness of having to litigate before this Court, "hundreds of miles" from their facilities in Dallas and Fort Worth.[13] It is "inequitable," they argue, to allow Aetna "to gain precedence in time and forum," because Aetna filed this action "in anticipation of [them] filing suit."[14] The Fifth Circuit has recognized, however, that "[d]eclaratory judgment actions often involve the permissible selection of a federal forum over an available state forum,

---

[12] *See also Del Real, LLC v. Harris*, No. 1:12-cv-001669-LJO-GSA, __ F. Supp. 2d __, 2013 WL 4482712, at *3 (E.D. Cal. Aug. 19, 2013) (rejecting defendant's request to abstain in action seeking declaratory judgment that state law was preempted by federal law).

[13] *See* Dkt#13 (Mot. to Abstain) at ¶¶ 23–28.

[14] *Id.* at ¶ 24.

– 6 –

based on the anticipation that a state court suit will be filed." *Sherwin-Williams Co.*, 343 F.3d at 398. In addition, "[t]he fact that it would not be as convenient for all the declaratory judgment defendants to litigate in federal district court as it would be for them to litigate in the nearest state courthouse does not mean that it is unduly burdensome for them to do so." *Id.* at 400. The only possible "inequity" here would be to abstain in favor of a state forum that has no jurisdiction whatsoever to resolve Aetna's ERISA § 502(a)(3) claim.

Lastly, Methodist-Dallas and THR argue that the Court should abstain because Aetna Health Inc. is "a necessary party," as "a party to PPO and HMO agreements with Methodist-Dallas and THR."[15] But Aetna is the master of the complaint, and its complaint does not involve either of these agreements. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832, 122 S. Ct. 1889, 1894 (2002).

Aetna Life Insurance Company is the proper defendant for a medical provider seeking prompt pay penalties arising out of the adjudication of claims under the terms of self-funded ERISA plans.[16] Aetna's complaint seeks a declaration of whether the Texas Prompt Pay Statute applies to self-funded plans and, if so, whether the law is preempted by ERISA. As for insured claims, the Defendants have sued Aetna Health Inc. in the Dallas Metroplex, and those claims are currently pending in federal court. So Aetna Health is hardly an indispensable party here.

---

[15] *Id.* at ¶ 28.

[16] *See* Dkt#17 (Aetna's Motion for Summary Judgment) at 2.

## III. CONCLUSION

The "jurisdictional sword that sustains federal rights should not be swiftly sheathed simply because a concurrent parallel attack has been mounted in the state courts." *Williams v. Lambert*, 46 F.3d 1275, 1282 (2d Cir. 1995) (citation omitted). Defendants have presented no reason to sheath it here. The Motion to Abstain should be denied.

Respectfully submitted,

ANDREWS KURTH LLP

OF COUNSEL:
Dimitri Zgourides
Texas Bar No. 00785309
S.D. ID No. 16513
Kendall M. Gray
Texas Bar No. 00790782
S.D. ID No. 19148
Mitchell A. Reid
Texas Bar No. 00785309
S.D. ID No. 34728
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

By: *s/ John B. Shely*
John B. Shely
Texas Bar No. 18215300
S.D. ID No. 7544
*jshely@andrewskurth.com*
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

ATTORNEY-IN-CHARGE FOR
PLAINTIFF AETNA LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who area known "Filing Users":

>Mikal C. Watts
>William J. Maiberger
>Watts Guerra, LLP
>4 Dominion Drive
>Building 3, Suite 100
>San Antonio, Texas 78257
>
>Joseph V. Gibson, IV
>Law Office of Joseph V. Gibson, PC
>10330 Lake Road, Building X
>Houston, Texas 77070

>>*John B. Shely*
>>John B. Shely

– 9 –

HOU:3383649.1