**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Aetna Life Insurance Company** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **No. 4:13-cv-3412** |
| | § | |
| **Methodist Hospitals of Dallas, *et al.*** | § | |
| | § | |
| **Defendants** | § | |

# PLAINTIFF AETNA LIFE INSURANCE COMPANY'S RESPONSE TO MEDICAL CENTER ENT'S MOTION TO DISMISS [Dkt#12]

**John B. Shely**
**Texas Bar No. 18215300**
**S.D. ID No. 7544**
**Andrews Kurth, L.L.P.**
**600 Travis Street, Suite 4200**
**Houston, TX 77002**
**713.220.4200**
**713.220.4285 (Fax)**

**ATTORNEY-IN-CHARGE FOR PLAINTIFF AETNA LIFE INSURANCE COMPANY**

**OF COUNSEL:**
**Dimitri Zgourides**
**Texas Bar No. 00785309**
**S.D. ID No. 16513**
**Kendall M. Gray**
**Texas Bar No. 00790782**
**S.D. ID No. 19148**
**Mitchell A. Reid**
**Texas Bar No. 00785309**
**S.D. ID No. 34728**
**ANDREWS KURTH LLP**
**600 Travis, Suite 4200**
**Houston, Texas 77002**
**(713) 220-4200**
**(713) 220-4285 (Fax)**

Defendants' counsel have a routine: shortly before demanding large sums of improper prompt-pay penalties from Aetna and commencing litigation, they send a letter to Aetna requesting their client's provider contract. They did so here for Defendant Medical Center Ear, Nose & Throat Associates of Houston, P.A. ("Medical Center ENT"). Aetna thus reasonably believed that litigation with Medical Center ENT was imminent.

Now, however, Medical Center ENT has broken the routine after requesting the aforementioned contract. Medical Center ENT asserts that there is no justiciable controversy here because it has never made a "formal claim" against Aetna for statutory prompt pay penalties, and, in an affidavit executed by its "Administrator,"

> specifically disavows any claims, past and future, against Aetna Health, Inc., or any of its affiliates, with respect to potential liabilities of Aetna and its affiliates arising from the TPPA [*i.e.*, the Texas Prompt Pay Act] for Medical Center ENT claims arising in the past up to and including the date on which this affidavit is signed [*i.e.*, December 9, 2013].[1]

If a covenant is "unconditional and irrevocable," and sufficiently broad to encompass all of the conduct in dispute, it can moot a controversy. *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 728–29 (2013). Medical Center ENT's covenant does not pass this test. It does not, for example, preclude Medical Center ENT from revoking its "disavowal" tomorrow. If, however, the Court conditions dismissal on Medical Center

---

[1] Dkt#12-1 at ¶ 9.

ENT making its disavowal unconditional and irrevocable, Aetna has no objection to Medical Center ENT's dismissal.[2]

Respectfully submitted,

ANDREWS KURTH LLP

By: *s/ John B. Shely*

John B. Shely
Texas Bar No. 18215300
S.D. ID No. 7544
*jshely@andrewskurth.com*
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

ATTORNEY-IN-CHARGE FOR PLAINTIFF AETNA LIFE INSURANCE COMPANY

OF COUNSEL:

Dimitri Zgourides
Texas Bar No. 00785309
S.D. ID No. 16513
Kendall M. Gray
Texas Bar No. 00790782
S.D. ID No. 19148
Mitchell A. Reid
Texas Bar No. 00785309
S.D. ID No. 34728
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

[2] Any subsequent dismissal of ENT has no impact on the venue questions raised by the defendants. "[T]he relevant inquiry is whether jurisdiction and venue existed at the time this action was filed." *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 872 (E.D. Tex. 2013) (citing *Hoffman v. Blaski,* 363 U.S. 335, 344, 80 S. Ct. 1084, 1090 (1960)). Here, venue was proper and it remains so. *See generally* Plaintiff Aetna Life Insurance Company's Response to Defendants' Motions to Dismiss Under Rule 12(b)(3) and Alternatively to Transfer Venue.

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who area known "Filing Users":

Mikal C. Watts
William J. Maiberger
Watts Guerra, LLP
4 Dominion Drive
Building 3, Suite 100
San Antonio, Texas 78257

Joseph V. Gibson, IV
Law Office of Joseph V. Gibson, PC
10330 Lake Road, Building X
Houston, Texas 77070

*John B. Shely*
John B. Shely



HOU:3386162.1