IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Aetna Life Insurance Company | § § | |
| Plaintiff | § § | |
| V. | § | No. 4:13-cv-3412 |
| Methodist Hospitals of Dallas, *et al.* | § § § | |
| Defendants | § § | |

# PLAINTIFF AETNA LIFE INSURANCE COMPANY'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS UNDER RULE 12(b)(3) AND ALTERNATIVELY TO TRANSFER VENUE [Dkt #15 & #16]

OF COUNSEL:
Dimitri Zgourides
Texas Bar No. 00785309
S.D. ID No. 16513
Kendall M. Gray
Texas Bar No. 00790782
S.D. ID No. 19148
Mitchell A. Reid
Texas Bar No. 00785309
S.D. ID No. 34728
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

John B. Shely
Texas Bar No. 18215300
S.D. ID No. 7544
Andrews Kurth, L.L.P.
600 Travis Street, Suite 4200
Houston, TX 77002
713.220.4200
713.220.4285 (Fax)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
AETNA LIFE INSURANCE COMPANY

HOU:3385224.1

– i –

**TABLE OF CONTENTS**

I.   Introduction And Summary ........................................................................... 1

II.  Argument ...................................................................................................... 2

    A.   Venue is proper under ERISA because the Exxon Plan and the SCI Plan (and others) were administered in Houston ................................................................. 2

    B.   Methodist and THR's agent in Houston sought the penalties underlying this lawsuit. ........................................................ 4

    C.   Aetna's chosen forum, entitled to deference, will not burden Methodist or THR. .............................................................. 4

III. Conclusion .................................................................................................... 5

Certificate Of Service ............................................................................................ 6

## I.     INTRODUCTION AND SUMMARY

Methodist and THR (collectively, "Defendants"[1]) demanded tens of millions of dollars from Aetna under the "prompt pay" provisions of the Texas Insurance Code, and Aetna brought suit to preclude such improper penalties arising from self-funded ERISA-benefit plans. The ERISA-benefit plans under which Methodist and THR submitted the medical claims were administered in the Southern District of Texas, yet Methodist and THR complain of Aetna's chosen venue.

Venue is proper in this District under both the ERISA venue statute and the general venue statute.

- ➢ The Exxon Plan and the SCI Plan (and others) were administered in Houston, Texas, satisfying ERISA's venue provision;[2]

- ➢ Methodist and THR's agent in Houston, Joseph Gibson, initially sought the underlying penalties from Aetna, satisfying the general venue provision.[3]

Methodist and THR alternatively request a transfer to the Northern District of Texas for the parties' "convenience," but present no facts in support. Thus, Methodist and THR cannot show "good cause" for a transfer. And no added burden will result because (i) Defendants' counsel Mr. Gibson resides here, and (ii) this lawsuit raises purely legal issues construing unambiguous statutes, for which witnesses and evidence are neither required nor admissible.

---

[1] The Defendants' venue arguments are identical.

[2] Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001–1461; see ERISA § 502(e)(2); 29 U.S.C. § 1132(e)(2).

[3] 28 U.S.C. § 1391(b)(2).

## II. ARGUMENT

**A. Venue is proper under ERISA because the Exxon Plan and the SCI Plan (and others) were administered in Houston.**

An ERISA action is properly brought "in the district where the plan is administered" pursuant to ERISA § 502(e)(2). 29 U.S.C. § 1132(e)(2).[4] The ERISA plans governing at least six of the medical claims underlying this lawsuit (though Aetna can demonstrate more) were administered in this District.

**The Exxon Plan:**

- ➢ Methodist demanded penalties on claims for patients S.R., St.Ry., and Sl.S.; THR demanded penalties on claims for patients S.W. and R.S.;[5]

- ➢ Patients S.R., St.Ry., Sl.S., S.W. and R.S. were covered under the ExxonMobil self-funded ERISA plan (the "Exxon Plan");[6]

- ➢ The Exxon Plan was administered in Houston, Texas:[7]

**Basic Plan Information**

**Plan Administrator**

The Plan Administrator for the ExxonMobil Medical Plan is the Administrator-Benefits. The Administrator-Benefits is the Manager-Global Benefits Design, Exxon Mobil Corporation. You may contact the Administrator-Benefits as follows:

Administrator-Benefits
ExxonMobil Medical Plan
P.O. Box 2283
Houston, TX 77252-2283

For service of legal process:
Administrator-Benefits
ExxonMobil Medical Plan
4550 Dacoma
Houston, TX 77092

---

[4] *See Burlington N. Santa Fe Inv. & Ret. Plan v. Mavrovich*, 193 F. App'x 370, 371 (5th Cir. 2006) ("Because the Plan is administered within the geographic boundaries of the Northern District of Texas, venue was proper there."); *Brown Schools, Inc. v. Fl. Power Corp.*, 806 F. Supp. 146, 148 (W.D. Tex. 1992) (finding that the ERISA plan sponsored by Florida Power Corp. was administered in Florida).

[5] Ex. D, ¶ 6; Ex. E, ¶ 8.

[6] Ex. C, ¶¶ 4-6; Ex. E, ¶ 5.

[7] Ex. A, ¶ 5; Ex. A-1, p. 63.

– 3 –

**The SCI Plan:**

- Methodist demanded penalties from Aetna on medical claims for patient G.C.;[8]
- Patient G.C. was covered under the Service Corporation International self-funded ERISA plan (the "SCI Plan");[9]
- The SCI Plan was administered in Houston, Texas:[10]

| Plan Administrator and Agent for Service of Legal Process | Service Corporation International<br>1929 Allen Parkway<br>Houston, TX 77219<br>P.O. Box 130548<br>Houston, TX 77019 |
|---|---|

To the extent Methodist and THR argue that Aetna was not "empowered" to assert claims under ERISA § 502(a), their briefs simply omit the authorizing statutory language—ERISA § 502(a)(3):

> A civil action may be brought . . . by a participant, beneficiary, or ***fiduciary*** (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of a plan, or (B) to obtain other appropriate equitable relief . . . . 29 U.S.C. § 1132(a)(3) (emphasis added).

Under the Exxon Plan and the SCI Plan, Aetna was a fiduciary for claim-determinations with "the discretionary right to . . . enforce the terms of" the plans.[11] That is precisely what Aetna has done here—enjoin Methodist and THR's claims for improper penalties, enforce the terms of the plans, and obtain appropriate equitable relief.

---

[8] Ex. D, ¶ 6.

[9] Ex. C, ¶ 9.

[10] Ex. B, ¶ 5; Ex. B-3, p.3.

[11] Ex. A, ¶ 6; Ex. B ¶ 6.

**B.  Methodist and THR's agent in Houston sought the penalties underlying this lawsuit.**

On behalf of Methodist and THR, Mr. Gibson sought the penalties from Aetna that are the subject of this lawsuit, and Mr. Gibson is a resident of this District.[12]  Therefore, Mr. Gibson establishes proper venue in this District as the place where Defendants "reside" and where "a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. §§ 1391(b)(2); 1391(d); *Bank One, N.A. v. Euro-Alamo Investments, Inc.*, 211 F. Supp. 2d 808, 811 (N.D. Tex. 2002) (finding proper venue for a declaratory-judgment action based on the defendant-attorneys' conduct and rejecting any distinction "between acts by attorneys in contrast with acts by other agents").

**C.  Aetna's chosen forum, entitled to deference, will not burden Methodist or THR.**

Methodist and THR alternatively request a transfer to the Northern District of Texas "for the convenience of the parties and the witnesses" but present no facts whatsoever in support.  Thus, they cannot show "good cause" for a transfer—"when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."  *King Ranch, Inc. v. D.R. Horton, Inc.*, No. CIV.A. H-12-797, 2012 WL 1788178, at *11 (S.D. Tex. May 16, 2012) ("Plaintiffs' choice . . . carries great weight."); *see In re Volkswagen AG*, 371 F.3d 201, 202 (5th Cir. 2004) (reviewing the factors for transfer under Section 1404(a)).[13]

---

[12] *See* Dkt#1-3 (Orig. Compl., Ex. C) (identifying Joseph Gibson on Methodist's original demand letter); Dkt#11, at 2-3 (Cert. Interested Persons).

[13] *See Burlington*, 193 F. App'x at 371 ("Mavrovich failed to substantiate his claims of inconvenience in his motion to transfer").

– 5 –

In contrast, Mr. Gibson represents Methodist and THR from this District, and no burden will result to Defendants or their putative witnesses. Aetna's lawsuit raises purely legal questions—what is the proper construction of unambiguous statutes and do they survive ERISA preemption? These questions are resolved by the plain statutory text and controlling ERISA authorities. Indeed, witnesses and evidence *cannot* be considered on these issues, as a matter of law.[14]

Even if Methodist and THR attempt to offer such evidence (i.e., the "billing and remit data" referenced in their Motions), that evidence will be stored, transmitted, and accessed electronically. In other words, the evidence can be readily transmitted to and accessed in this District without additional cost to Defendants. Aetna's choice of venue "should be respected." *King Ranch, Inc.*, 2012 WL 1788178, at *11.

### III. CONCLUSION

Venue is proper in the Southern District of Texas because the medical claims at issue were submitted under ERISA plans administered here, and Defendants' counsel resides here. Methodist and THR present no facts, and certainly not "good cause," for a transfer, disturbing Aetna's choice of venue.

---

[14] *Christus Health Gulf Coast v. Aetna, Inc.*, 397 S.W.3d 651, 653 (Tex. 2013) ("This is a pure statutory-construction case: What does the [Texas] Prompt Pay Statute require?").

Respectfully submitted,

ANDREWS KURTH LLP

| | |
|---|---|
| OF COUNSEL: | By: *s/ John B. Shely* |
| Dimitri Zgourides | John B. Shely |
| Texas Bar No. 00785309 | Texas Bar No. 18215300 |
| S.D. ID No. 16513 | S.D. ID No. 7544 |
| Kendall M. Gray | *jshely@andrewskurth.com* |
| Texas Bar No. 00790782 | 600 Travis, Suite 4200 |
| S.D. ID No. 19148 | Houston, Texas 77002 |
| Mitchell A. Reid | (713) 220-4200 |
| Texas Bar No. 00785309 | (713) 220-4285 (Fax) |
| S.D. ID No. 34728 | |
| ANDREWS KURTH LLP | ATTORNEY-IN-CHARGE FOR |
| 600 Travis, Suite 4200 | PLAINTIFF AETNA LIFE |
| Houston, Texas 77002 | INSURANCE COMPANY |
| (713) 220-4200 | |
| (713) 220-4285 (Fax) | |

### CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who area known "Filing Users":

> Mikal C. Watts
> William J. Maiberger
> Watts Guerra, LLP
> 4 Dominion Drive
> Building 3, Suite 100
> San Antonio, Texas 78257
>
> Joseph V. Gibson, IV
> Law Office of Joseph V. Gibson, PC
> 10330 Lake Road, Building X
> Houston, Texas 77070

                                            *John B. Shely*
                                            John B. Shely