IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Aetna Life Insurance Company | § § | |
| Plaintiff | § § | |
| V. | § | No. 4:13-cv-3412 |
| Methodist Hospitals of Dallas, *et al.* | § § § | |
| Defendants | § § | |

# PLAINTIFF AETNA LIFE INSURANCE COMPANY'S RESPONSE TO JOINT RULE 12(b)(7) MOTION TO DISMISS [Dkt#14]

OF COUNSEL:
Dimitri Zgourides
Texas Bar No. 00785309
S.D. ID No. 16513
Kendall M. Gray
Texas Bar No. 00790782
S.D. ID No. 19148
Mitchell A. Reid
Texas Bar No. 00785309
S.D. ID No. 34728
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

John B. Shely
Texas Bar No. 18215300
S.D. ID No. 7544
Andrews Kurth, L.L.P.
600 Travis Street, Suite 4200
Houston, TX 77002
713.220.4200
713.220.4285 (Fax)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
AETNA LIFE INSURANCE COMPANY

HOU:3384724.2

Defendants' motion to dismiss rests on two fundamentally flawed premises:

- That the Fifth Circuit "foreclosed" federal question jurisdiction in *Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525 (5th Cir. 2009);[1] and

- That Aetna Health Inc., a Texas-licensed HMO, is an indispensable party whose joinder would destroy diversity jurisdiction.

On the contrary, *Lone Star* recognized that federal question jurisdiction **could** exist in a provider dispute and this Court has specifically upheld removal by Aetna under the *Lone Star* doctrine.[2] But more to the point, this case (unlike *Lone Star*) does not concern complete preemption or **removal** jurisdiction. This case **does** involve a federal claim under 29 U.S.C. § 1132(a)(3), and this case **does** seek declaratory relief concerning federal preemption, which the Supreme Court and the Fifth Circuit have long recognized is a federal claim.

Thus, diversity jurisdiction is not even necessary. But in any event, Aetna Health is not an indispensable party. Aetna's claim is restricted to self-funded claims, and Aetna Health is not the Aetna affiliate that administers self-funded claims. Aetna Life Insurance Company, on whose behalf the contract was made, is the self-funded claims administrator. As such, Aetna's complaint does not implicate Aetna Health, let alone make it an indispensable party.

---

[1] Dkt#14 (Mot. to Dismiss) at ¶4.

[2] *Bhalla v. Aetna Health Plans of Tex., Inc.*, Civil Action No. 4:11-cv-4402 (S.D. Tex. March 2, 2012) (Lake, J.) (Memorandum Opinion and Order applying *Lone Star* and denying remand).

– 2 –

### I. ARGUMENT

**A. The Fifth Circuit's *Lone Star* opinion concerns removal jurisdiction, not original federal question jurisdiction, and says nothing about prompt pay and preemption**

"It is well-established that the federal courts have jurisdiction under 28 U.S.C. § 1331 over a preemption claim seeking injunctive and declaratory relief." *Planned Parenthood of Houston & Se. Tex. v. Sanchez*, 403 F.3d 324, 331 (5th Cir. 2005); *see Self-Ins. Inst. of Am. v. Korioth*, 993 F.2d 479, 484–85 (5th Cir. 1993) (noting that "[t]he question of preemption is particularly one for the federal courts and arises as much from the Constitution as from ERISA," and holding that district court had general federal question jurisdiction over challenge to enforcement of provisions in the Texas Insurance Code on the ground that they were preempted by ERISA).[3] There can be no doubt that Aetna has asserted such a claim.[4] Aetna seeks a declaration that the Texas Prompt Pay Statute is conflict preempted by ERISA § 514(a) because it purports to regulate claims processing, and is also preempted under general federal conflict preemption rules because it conflicts with ERISA's claims-processing regulations and exclusive remedies.

Aetna's complaint also invokes ERISA § 502(a)(3),[5] under which an ERISA fiduciary like Aetna can enjoin or obtain other equitable relief

---

[3] *See also Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642, 122 S. Ct. 1753 (2002) (holding that there was jurisdiction to review claim that a state commission's order was inconsistent with federal law); *City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1006 (9th Cir. 2010) (recognizing that any "non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction," and holding that court had jurisdiction over claim for declaratory relief under federal law) (citation omitted).

[4] *See, e.g.*, Dkt#5 (Amended Compl.) at ¶¶7, 45.

[5] *See id.* at ¶¶8, 45 & p.10.

against practices violative of ERISA—such as improper state regulation like the Texas Prompt Pay Statute. 29 U.S.C. § 1132(a)(3). ERISA § 502(e)(1) provides that *only* a federal district court can issue such relief. 29 U.S.C. § 1132(e)(1) ("Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter . . .").

Defendants nonetheless contend that "Aetna's invocation of federal question jurisdiction is destroyed" by the Fifth Circuit's *Lone Star* opinion.[6] Indeed, Defendants go so far as to insinuate that Aetna should be sanctioned for not citing the Court to *Lone Star*.[7] According to Defendants, in *Lone Star* the Fifth Circuit "ruled that [Texas Prompt Pay Statute] late-pay claims" for "beneficiaries of self-funded plans are not preempted by ERISA."[8] *Lone Star* ruled no such thing. The issue in *Lone Star* was whether the defendant Aetna Health properly removed a provider's suit filed by a contracted case as *completely* preempted under ERISA § 502(a). *See* 579 F.3d at 528–29. Both *Lone Star* and this Court have held that complete preemption can indeed exist in a dispute with contracted medical providers. *See Bhalla v. Aetna Health Plans of Tex., Inc.*, No. H-11-4402 (S.D. Tex. March 2, 2012) (Lake, J.) (Memorandum Opinion and Order applying *Lone Star* and denying remand). But the opinion does not mention self-funded plans, nor does it "reject" Aetna's *conflict* preemption arguments.[9]

---

[6] Dkt#14 (Mot. to Dismiss) at p.3 (capitalization and emphasis omitted).

[7] *Id.* at ¶8 n.11.

[8] *Id.* at ¶5.

[9] *Id.* at ¶¶5–6.

– 3 –

Section 502(a) complete preemption is only concerned with "whether the state law duplicates or 'falls within the scope of' an ERISA § 502(a) remedy." *Roark v. Humana, Inc.*, 307 F.3d 298, 305 (5th Cir. 2002); In contrast, conflict preemption of a state law under ERISA § 514 arises when the law "relate[s] to any [ERISA] plan." 29 U.S.C. § 1144(a). Similarly, traditional preemption analysis asks whether the state law "conflicts with the provisions of ERISA or operates to frustrate its objects." *Boggs v. Boggs*, 520 U.S. 833, 841, 117 S. Ct. 1754 (1997).[10] A claim can be completely preempted without being conflict preempted, and vice versa. *See Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc). Thus, nothing in *Lone Star* deprives the Court of federal question jurisdiction over Aetna's claims.

### B. Aetna Health is not a necessary party to this dispute over the law governing self-funded plans

Defendants' challenge to the Court's diversity jurisdiction fails as well. Defendants assert that because "many late-pay claims against an HMO or an insurer do not involve self-funded employee welfare benefits," and they cannot "recover for such claims" without suing the non-diverse Aetna Health, it is an indispensable party under Federal Rule of Civil Procedure 19.[11] But Aetna Life Insurance Company is the proper plaintiff for the claim that has actually been pleaded in this case. If the Defendants have other disputes with other Aetna affiliates, that is of no moment.

---

[10] *See also Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S. Ct. 399 (1941) (declaring that a state law is preempted if it "stands as an obstacle to the accomplishment and execution of [the federal law's] full purposes").

[11] Dkt#14 (Mot. to Dismiss) at ¶¶3, 12–17.

– 4 –

"Obviously, Rule 19(a) can only be utilized to bring in parties needed for just adjudication of the dispute set forth in the pleadings existing at the time of joinder." *La Chemise Lacoste v. Gen. Mills, Inc.*, 53 F.R.D. 596, 601 (D. Del. 1971); *see Assoc. Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1124 (2d Cir. 1990) ("It is troubling that the district court reached its conclusion by considering [the defendant's] 'putative answer' and proposed, but not yet pled, third-party claims. Indeed, it is the general rule that a court considering whether an absent person's interest in the litigation is sufficient to satisfy the first sentence of Rule 19(a) must base its decision on the pleadings as they appear at the time of the proposed joinder.") (internal citation omitted).[12]

"It amounts to a misapplication of Rule 19(a) to add parties who are neither necessary or indispensable and who are not essential for just adjudication in order to be able to assert against them claims that are foreign and unrelated to the claims asserted in the pleadings and on a separate cause of action entirely." *La Chemise Lacoste*, 53 F.R.D. at 601 (recognizing that the "purpose of Rule 19(a) is not to permit the commencement of a new and unrelated lawsuit against different parties,"

---

[12] *See also Equivest Dev., Inc. v. Travelers Indem. Co.*, Civ. A. No. 94-4661, 1994 WL 675191, at *3 (E.D. Pa. Nov. 23, 1994) ("In considering whether a party is 'necessary' under FRCP 19(a), this court must consider the original complaint rather than the third-party complaint."); 7 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure: Federal Rules of Civil Procedure* § 1604 (3d ed. 2013) ("The structure of Rule 19 reflects the analytical sequence that a court should follow in deciding a party-joinder question. Once an issue of compulsory joinder is raised, the court initially must determine whether the absent person's interest in the litigation is sufficient to satisfy one or more of the tests set out in the first sentence of Rule 19(a). When making that determination, the court must base its decision on the pleadings as they appear at the time of the proposed joinder; it is only after the party has been joined that claims can be asserted against the party that are unrelated to the issues for which joinder was necessary.") (internal citations omitted).

and holding that defendant corporation's parent corporation and sibling corporations were improperly joined, where complete relief on original pleadings could be granted without them and they were strangers to dispute, despite claimed agreements and relations between them and defendant).

Aetna's complaint pleads for determination of the law governing self-funded plans *only*. Defendants' provider contracts show that they were made on behalf of various Aetna affiliates.[13] The current plaintiff, Aetna Life Insurance Company, is the Aetna affiliate that administers the self-funded claims at issue in Aetna's pleading.[14] Defendants' hypothetical claims against Aetna Health arising out of insured employee benefits are thus not part of the pleadings. Defendants acknowledge as much in their motion to dismiss, when they assert that a judgment against Aetna "would involve only claims relating to its administration of self-funded plans, whereas a judgment against Aetna Health, Inc. for *other late-pay claims* possessed by Defendants would require its presence as a party."[15] Defendants' alleged "other late-pay claims" against Aetna Health are not encompassed by the current pleadings, and so Aetna Health is not a necessary party under Rule 19.

---

[13] *See* Dkt#5-1; Dkt#5-2; Dkt#5-3; Dkt#5-4.

[14] *See* Dkt#17(Aetna's Motion for Summary Judgment) at ___. Aetna Life Insurance Company is the proper defendant for a medical provider seeking prompt pay penalties arising out of the adjudication of claims under the terms of self-funded ERISA plans. As for insured claims, the Defendants have sued Aetna Health Inc. in the Dallas Metroplex, and those claims are currently pending in federal court. So Aetna Health is hardly an indispensable party here.

[15] Dkt#14 (Mot. to Dismiss) at ¶13 (emphasis added).

## II. CONCLUSION

The Court has both federal question jurisdiction and diversity jurisdiction. Defendants' motion to dismiss must be denied.

Respectfully submitted,

ANDREWS KURTH LLP

| OF COUNSEL: | By: *s/ John B. Shely* |
|---|---|
| Dimitri Zgourides | John B. Shely |
| Texas Bar No. 00785309 | Texas Bar No. 18215300 |
| S.D. ID No. 16513 | S.D. ID No. 7544 |
| Kendall M. Gray | *jshely@andrewskurth.com* |
| Texas Bar No. 00790782 | 600 Travis, Suite 4200 |
| S.D. ID No. 19148 | Houston, Texas 77002 |
| Mitchell A. Reid | (713) 220-4200 |
| Texas Bar No. 00785309 | (713) 220-4285 (Fax) |
| S.D. ID No. 34728 | |
| ANDREWS KURTH LLP | ATTORNEY-IN-CHARGE FOR |
| 600 Travis, Suite 4200 | PLAINTIFF AETNA LIFE |
| Houston, Texas 77002 | INSURANCE COMPANY |
| (713) 220-4200 | |
| (713) 220-4285 (Fax) | |

**CERTIFICATE OF SERVICE**

 I hereby certify that on December 30, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who area known "Filing Users":

 Mikal C. Watts
 William J. Maiberger
 Watts Guerra, LLP
 4 Dominion Drive
 Building 3, Suite 100
 San Antonio, Texas 78257

 Joseph V. Gibson, IV
 Law Office of Joseph V. Gibson, PC
 10330 Lake Road, Building X
 Houston, Texas 77070

        *John B. Shely*
        John B. Shely

– 8 –