IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| METHODIST HOSPITALS OF DALLAS | § | |
| d/b/a Methodist Medical Center | § | CIVIL ACTION NO. H-13-3412 |
| and Charlton Medical Center, | § | |
| TEXAS HEALTH RESOURCES, and | § | |
| MEDICAL CENTER EAR, NOSE & | § | |
| THROAT ASSOCIATES OF HOUSTON, | § | |
| P.A., | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

In this declaratory judgment action, plaintiff Aetna Life Insurance Company ("Aetna") seeks a determination of whether the state-law claims of defendants Methodist Hospitals of Dallas ("Methodist-Dallas") and Texas Health Resources ("THR") (collectively, "Defendants") under the Texas Prompt Pay Act are preempted by ERISA. Pending before the court are the Defendant Methodist-Dallas' Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, and in the Alternative, Motion to Transfer Venue Pursuant to 28 USC §1406 or §1404(a) ("Methodist-Dallas's Motion") (Docket Entry No. 15) and Defendant Texas Health Resources' Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(3)

of the Federal Rules of Civil Procedure, and in the Alternative, Motion to Transfer Venue Pursuant to 28 USC §1406 or §1404(a) ("THR's Motion") (Docket Entry No. 16). For the reasons explained below, Methodist-Dallas's Motion will be granted in part, and this case will be transferred to the Dallas Division of the Northern District of Texas under 28 U.S.C. § 1404(a).

## I.  Procedural History

Aetna brought this declaratory judgment action against Methodist-Dallas on November 19, 2013.[1] On November 20, 2013, Aetna filed an amended complaint adding THR and Medical Center Ear, Nose & Throat Associates of Houston, P.A. ("Medical Center ENT") as defendants.[2] Medical Center ENT filed a motion to dismiss Aetna's claims against it on December 9, 2013.[3]

Methodist-Dallas's Motion and THR's Motion were filed on December 9, 2013, seeking dismissal under Rule 12(b)(3) or, in the alternative, to transfer venue under either Rule 1406 or 1404(a).[4] On the same date, Defendants also filed a motion to abstain and a

---

[1]Plaintiff Aetna Life Insurance Company's Original Complaint, Docket Entry No. 1.

[2]Plaintiff Aetna Life Insurance Company's First Amended Complaint ("First Amended Complaint"), Docket Entry No. 5.

[3]Motion to Dismiss Plaintiff's First Amended Complaint Against Defendant Medical Center ENT, Docket Entry No. 12.

[4]Methodist-Dallas's Motion, Docket Entry No. 15; THR's Motion, Docket Entry No. 16.

-2-

joint motion with Medical Center ENT to dismiss under Rule 12(b)(7).[5] Aetna filed a motion for summary judgment on December 27, 2013.[6]

Aetna filed responses to each of Defendants' motions on December 30, 2013.[7] Replies and a joint response to Aetna's Motion for Summary Judgment were filed on January 13, 2014.[8] On

---

[5]Joint Motion of Defendants Methodist-Dallas and Texas Health Resources for the Court to Abstain from Exercising Jurisdiction and to Dismiss Plaintiff's First Amended Complaint Against Them ("Joint Motion to Abstain"), Docket Entry No. 13; Joint Rule 12(b)(7) Motion to Dismiss Aetna's Cases Against Defendants Methodist-Dallas, Texas Health Resources and Medical Center ENT, Docket Entry No. 14.

[6]Plaintiff Aetna Life Insurance Company's Motion for Summary Judgment ("Aetna's Motion for Summary Judgment"), Docket Entry No. 17.

[7]Plaintiff Aetna Life Insurance Company's Response to Joint Motion to Abstain from Exercising Jurisdiction and to Dismiss First Amended Complaint [Dkt#13], Docket Entry No. 18; Plaintiff Aetna Life Insurance Company's Response to Medical Center ENT's Motion to Dismiss [Dkt#12], Docket Entry No. 19; Plaintiff Aetna Life Insurance Company's Response to Defendants' Motions to Dismiss Under Rule 12(b)(3) and Alternatively to Transfer Venue [Dkt#15 & #16] ("Response"), Docket Entry No. 20; Plaintiff Aetna Life Insurance Company's Response to Joint Rule 12(b)(7) Motion to Dismiss [Dkt#14], Docket Entry No. 21.

[8]Defendant Medical Center ENT's Reply to Plaintiff Aetna Life Insurance Company's Response to Medical Center ENT's Motion to Dismiss, Docket Entry No. 22; Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss Under Rule 12(b)(3), and Alternatively to Transfer Venue ("Reply"), Docket Entry No. 23; Defendants' Reply to Plaintiff Aetna Life Insurance Company's Response to Joint Rule 12(b)(7) Motion to Dismiss, Docket Entry No. 24; Defendants' Reply to Plaintiff's Response to Joint Motion to Abstain from Exercising Jurisdiction and to Dismiss First Amended Complaint, Docket Entry No. 25; Defendants' Response to Motion for Summary Judgment, Docket Entry No. 26.

January 17, 2014, the court dismissed Aetna's claims against Medical Center ENT.[9] Aetna filed an "omnibus sur-response to the Defendants' various replies" on January 27, 2014.[10]

## II.  **Applicable Law**

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "When considering a § 1404 motion to transfer, a district court considers a number of private- and public-interest factors, 'none of which can be said to be of dispositive weight.'" Wells v. Abe's Boat Rentals Inc., No. H-13-1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014) (quoting Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004)). The private-interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy,

---

[9]Order Dismissing Plaintiff's First Amended Complaint Against Defendant Medical Center ENT, Docket Entry No. 27.

[10]Plaintiff Aetna Life Insurance Company's Sur-Response to Joint Motion to Abstain from Exercising Jurisdiction and to Dismiss First Amended Complaint [Dkt#13], Joint Rule 12(b)(7) Motion to Dismiss [Dkt#14], and Motions to Dismiss Under Rule 12(b)(3) and Alternatively to Transfer Venue [Dkt #15 & #17], Docket Entry No. 28, p. 2 (court's page numbering at top right).

-4-

expeditious and inexpensive." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter In re Volkswagen I] (citing Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 258 n.6 (1981)); see also Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 581 n.6 (2013). The public-interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." In re Volkswagen I, 371 F.3d at 203. The court must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" Atlantic Marine, 134 S. Ct. at 581 (quoting 28 U.S.C. § 1404(a)).

"The [c]ourt must also give some weight to the plaintiff['s] choice of forum." Atlantic Marine, 134 S. Ct. at 581 n.6 (citing Norwood v. Kirkpatrick, 75 S. Ct. 544, 546 (1955)). Thus, the party seeking the transfer "'must show good cause.'" In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) [hereinafter In re Volkswagen II] (en banc). "When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of

-5-

justice.'" Id. (quoting 28 U.S.C. § 1404(a)). Thus, "[w]hen the movant demonstrates that the transferee venue is clearly more convenient" than the venue chosen by the plaintiff, the district court should grant the transfer. Id.; see also Wells, 2014 WL 29590, at *1.

### III. Analysis

"The preliminary question under the change of venue statute, 28 U.S.C. § 1404, is whether the suit could have been filed originally in the destination venue." Wells, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014). Because both defendants reside in the Northern District of Texas, this suit could have originally been filed in that district. See 28 U.S.C. § 1391(b)(1).

### A. The Private-Interest Factors

1. The Relative Ease of Access to Sources of Proof

Methodist-Dallas has submitted the affidavit of Charles Brizius, a Senior Vice-President of Methodist Hospitals of Dallas.[11] The affidavit states that "[a]ll of the billing and remit data involving Aetna Health, Inc. is maintained in the Northern District of Texas by employees working in Dallas" and that "the witnesses and files of Methodist Dallas" are located in Dallas, Texas.[12] THR

---

[11]Declaration of Charles Brizius ("Brizius Affidavit"), Exhibit A to Joint Motion to Abstain, Docket Entry No. 13-1.

[12]Id. at 6 ¶ 20; see also Methodist-Dallas's Motion, Docket Entry No. 15, p. 10 ¶ 37.

has submitted the affidavit of James D. Logsdon, the Vice-President of Revenue Cycle Operations for THR.[13]   The affidavit states that "[a]ll the billing and remit data involving Aetna Health, Inc. is maintained in the Northern District of Texas, by employees working in the DFW metroplex" and that "the witnesses and files of THR are located" in Arlington, Texas.[14]

Aetna argues that any evidence offered, such as the billing and remit data referenced in Defendants' motions, "will be stored, transmitted, and accessed electronically" and "can be readily transmitted to and accessed in this District without additional cost to Defendants."[15]   However, whether the evidence in this case "will be stored, transmitted, and accessed electronically" will not negate a conclusion that the location of Defendants' files weighs in favor of transfer.  See In re Toa Technologies, Inc., No. 13-153, 2013 WL 5486763, at *2 (Fed. Cir. Oct. 3, 2013) ("[T]he district court assigned substantial weight to the fact that 'the vast majority of the Defendant's documentation is[ ]stored electronically' and that this digital information is 'effectively stored everywhere, including the Eastern District of Texas[.]' However, this does not negate the significance of having trial

---

[13]Declaration of James D. Logsdon ("Logsdon Affidavit"), Exhibit B to Joint Motion to Abstain, Docket Entry No. 13-2.

[14]Id. at 5 ¶ 14; see also THR's Motion, Docket Entry No. 16, pp. 7-8 ¶ 26.

[15]Response, Docket Entry No. 20, p. 5.

closer to where TOA's physical documents and employee notebooks are located.   The critical inquiry 'is relative ease of access, not absolute ease of access.'"   (quoting In re Radmax, Ltd., 720 F.3d 285, 288 (5th Cir. 2013))).   Because Defendants' data, files, and employees are located in the Northern District of Texas, this factor weighs in favor of transfer.

   2.   The Availability of Compulsory Process to Secure the Attendance of Witnesses

   "Under Federal Rule of Civil Procedure 45 (as recently amended), this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense."   Ingeniador, LLC v. Adobe Sys. Inc., No. 2:12-CV-00805-JRG, 2014 WL 105106, at *2 (E.D. Tex. Jan. 10, 2014) (citing Fed. R. Civ. P. 45(c)(1)(B)).   "The Fifth Circuit has, in the past, distinguished between the power to compel a nonparty witness's attendance at trial and 'absolute' subpoena power, which appears to require that a [c]ourt be able to enforce subpoenas of nonparty witnesses for deposition as well as trial."   Id. (citing In re Volkswagen II, 545 F.3d at 316).   In order to have absolute subpoena power, there must "exist[ a] point that is both within the district (and thus subject to the [c]ourt's subpoena power) and within 100 miles of the nonparty's location (and thus not subject to a motion to quash)."   Id.   "A venue that has 'absolute subpoena power for both deposition and trial' is favored over one that does not."   Thomas Swan & Co. Ltd. v. Finisar

-8-

<u>Corp.</u>, No. 2:13-CV-178-JRG, 2014 WL 47343, at *3 (E.D. Tex. Jan. 6, 2014) (quoting <u>In re Volkswagen II</u>, 545 F.3d at 316).

Defendants suggest that they may call certain employees as witnesses.[16]  Given that all of the hospitals owned by Defendants are in the Dallas-Fort Worth metropolitan area, even if there is a point within the Southern District of Texas that is less than 100 miles from where some of Defendants' witnesses reside,[17] it is likely that the Northern District of Texas would have absolute subpoena power over all of Defendants' witnesses.  Furthermore, compulsory process in the Northern District of Texas is likely to be more convenient.  <u>See</u> <u>Ingeniador</u>, 2014 WL 105106, at *2 ("[T]he convenience of compulsory process is also a consideration in this factor.  Thus, the existence of an inconvenient location that is available for compulsory process will weigh less strongly than the

_____

[16]Methodist-Dallas's Motion, Docket Entry No. 15, p. 10 ¶ 37; THR's Motion, Docket Entry No. 16, pp. 7-8, ¶ 26; Reply, Docket Entry No. 23, p. 7; Brizius Affidavit, Exhibit A to Joint Motion to Abstain, Docket Entry No. 13-1, pp. 2-3 ¶¶ 4-7, p. 6 ¶ 20; Logsdon Affidavit, Exhibit A to Joint Motion to Abstain, Docket Entry No. 13-2, p. 3 ¶¶ 4-5, p. 5 ¶ 14.  The court notes that Defendants have made reference to a number of physicians "who are not employed [by Defendants] but are members of the medical staff" at their hospitals.  Brizius Affidavit, Exhibit A to Joint Motion to Abstain, Docket Entry No. 13-1, pp. 2-3 ¶¶ 4-5.

[17]Methodist-Dallas acknowledges that 8 of its 6,346 employees "list their residence in the Southern District of Texas."  Brizius Affidavit, Exhibit A to Joint Motion to Abstain, Docket Entry No. 13-1, p. 3 ¶ 7.  THR acknowledges that 21 of its 20,654 employees "list their residence in the Southern District of Texas."  Logsdon Affidavit, Exhibit B to Joint Motion to Abstain, Docket Entry No. 13-2, p. 3 ¶ 5.

existence of a convenient location." (internal citation omitted) (citing In re Volkswagen II, 545 F.3d at 316)). Accordingly, this factor weighs in favor of transfer.

3.   The Cost of Attendance for Willing Witnesses

Defendants allege that all of their witnesses are located in either Dallas or Arlington, Texas.[18]  The court takes judicial notice that this courthouse is approximately 225 miles from the Dallas Division of the Northern District of Texas.  "'When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" In re Volkswagen II, 545 F.3d at 316 (quoting In re Volkswagen I, 371 F.3d at 204-05). Furthermore, "it is an 'obvious conclusion' that it is more convenient for witnesses to testify at home." Id. at 317 (quoting In re Volkswagen I, 371 F.3d at 205). Accordingly, this factor weighs in favor of transfer.

4.   All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive

Aetna argues that because one of the attorneys copied on Methodist-Dallas's demand letter resides in the Southern District

_____

[18]Methodist-Dallas's Motion, Docket Entry No. 15, p. 10 ¶ 37; THR's Motion, Docket Entry No. 16, pp. 7-8, ¶ 26; Brizius Affidavit, Exhibit A to Joint Motion to Abstain, Docket Entry No. 13-1, pp. 2-3 ¶¶ 4-7, p. 6 ¶ 20; Logsdon Affidavit, Exhibit B to Joint Motion to Abstain, Docket Entry No. 13-2, p. 5 ¶ 14.

"no burden will result to Defendants or their putative witnesses" if the case is not transferred.[19] Defendants respond that the identified attorney "is neither a witness to be called to testify nor the Attorney-In-Charge for these defendants."[20] The court is not convinced that the residence of Methodist-Dallas's attorney, whom Defendants describe as "co-counsel cc'd on a pre-suit claims letter" should weigh either for or against transfer. Accordingly, this factor is neutral.

## B.   The Public-Interest Factors

### 1.   The Administrative Difficulties Flowing from Court Congestion

"[W]hen considering this factor, 'the real issue is not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.'" Siragusa v. Arnold, No. 3:12-CV-04497-M, 2013 WL 5462286, at *7 (N.D. Tex. Sept. 16, 2013) (quoting USPG Portfolio Two, LLC v. John Hancock Real Estate Fin., Inc., No. 3:10-CV-2466-D, 2011 WL 1103372, at *5 (N.D. Tex. Mar. 25, 2011)). Accordingly, courts often consider the median time interval from case filing to disposition in analyzing this factor. See id.; ExpressJet Airlines, Inc. v. RBC Capital Markets Corp., No. H-09-992, 2009 WL 2244468, at *12 (S.D.

---

[19]Response, Docket Entry No. 20, pp. 4-5; see also Methodist Hospitals of Dallas and Aetna Pre-Arbitration Demand, Exhibit C to Plaintiff Aetna Life Insurance Company's Original Complaint, Docket Entry No. 1-3.

[20]Reply, Docket Entry No. 23, p. 8.

Tex. July 27, 2009). The median time between filing and disposition in the Southern District of Texas is 7.2 months, while it is 6.5 months in the Northern District.[21] "This difference in disposition time is negligible and does not weigh in favor of or against transfer." ExpressJet, 2009 WL 2244468, at *12 (concluding that a difference of 2.2 months between districts did not weigh either in favor or against transfer). Accordingly, this factor is neutral.

2. The Local Interest in Having Localized Interests Decided at Home

"A district court 'has a strong interest in adjudicating a case involving harm' to an entity within its district." Siraqusa, 2013 WL 5462286, at *7 (quoting ExpressJet, 2009 WL 2244468, at *13). This is a declaratory judgment action relating to the harm caused to Defendants by Aetna's alleged failure to comply with the Texas Prompt Pay Act.[22] "Methodist-Dallas is based in Dallas, Texas,"[23] and "THR resides in Arlington, Texas."[24] The contracts

---

[21]See Fed. Court Mgmt. Statistics, United States District Courts—National Judicial Caseload Profile (2013), available at http://www.uscourts.gov/uscourts/Statistics/FederalCourtManagemen tStatistics/2013/district-fcms-profiles-september-2013.pdf.

[22]See First Amended Complaint, Docket Entry No. 5, p. 3 ¶¶ 6-7, pp. 4-8 ¶¶ 15-36, pp. 9-10 ¶¶ 45-46.

[23]Methodist-Dallas's Motion, Docket Entry No. 15, pp. 1-2 ¶ 1; see also Brizius Affidavit, Exhibit A to Joint Motion to Abstain, Docket Entry No. 13-1, p. 2 ¶ 3.

[24]THR's Motion, Docket Entry No. 16, p. 5 ¶ 15; see also Logsdon Affidavit, Exhibit B to Joint Motion to Abstain, Docket Entry No. 13-2, p. 3 ¶ 4.

were entered into and payments made in the Northern District of Texas.[25]   Accordingly, this factor weighs in favor of transfer.

> 3.   The Familiarity of the Forum with the Law that Will Govern the Case

Aetna argues that federal law governs this case because the Texas Prompt Pay Act is preempted by ERISA.[26]   Defendants argue that this case is governed by Texas law.[27]   In either case, neither this court nor the Northern District of Texas is more or less familiar with the law that will govern this case.   Therefore, this factor is neutral.

> 4.   The Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Because there are no conflict of laws issues that would make this case better suited for either this court or the Northern District of Texas, this factor cannot weigh either for or against transfer.   Accordingly, this factor is neutral.

## C.   Conclusion

Weighing the relevant factors, the court finds that four factors weigh in favor of transfer and four factors are neutral.

---

[25]Brizius Affidavit, Exhibit A to Joint Motion to Abstain, Docket Entry No. 13-1, p. 5 ¶ 16, p. 6 ¶ 18; Logsdon Affidavit, Exhibit B to Joint Motion to Abstain, Docket Entry No. 13-2, p. 4 ¶¶ 10, 12.

[26]First Amended Complaint, Docket Entry No. 5, pp. 8-10 ¶¶ 37-46.

[27]Joint Rule 12(b)(7) Motion to Dismiss Aetna's Cases Against Defendants Methodist-Dallas, Texas Health Resources and Medical Center ENT, Docket Entry No. 14, pp. 3-5 ¶¶ 5-8.

Accordingly, the court concludes that Defendants have met their burden of "demonstrat[ing] that the transferee venue is clearly more convenient" than the venue chosen by Aetna, and this case will be transferred. <u>In re Volkswagen II</u>, 545 F.3d at 315.

## IV. <u>Transferee Court</u>

Methodist-Dallas seeks transfer of this case to the Dallas Division of the Northern District of Texas,[28] while THR seeks transfer to the Fort Worth Division of the Northern District of Texas.[29] Methodist Dallas and THR reside, and their "files and witnesses" are located, in Dallas and Arlington, respectively.[30] The court takes judicial notice that Arlington is between Dallas and Fort Worth, approximately thirteen miles from the Fort Worth Division courthouse and approximately eighteen miles from the Dallas Division courthouse. Since Methodist-Dallas is in Dallas and THR is not far from Dallas, the court concludes that it would be more inconvenient for Methodist-Dallas to litigate in the Fort Worth Division than it would be for THR to litigate in the Dallas Division. Furthermore, the court takes judicial notice that

---

[28]Methodist-Dallas's Motion, Docket Entry No. 15, p. 10 ¶ 40.

[29]THR's Motion, Docket Entry No. 16, p. 8 ¶ 29.

[30]Methodist-Dallas's Motion, Docket Entry No. 15, pp. 1-2 ¶ 1, p. 10 ¶ 37; THR's Motion, Docket Entry No. 16, p. 5 ¶ 15, pp. 7-8 ¶ 26; Brizius Affidavit, Exhibit A to Joint Motion to Abstain, Docket Entry No. 13-1, p. 2 ¶ 3, p. 6 ¶ 20; Logsdon Affidavit, Exhibit B to Joint Motion to Abstain, Docket Entry No. 13-2, p. 3 ¶ 4, p. 5 ¶ 14.

-14-

attorneys in the Dallas-Fort Worth region often practice in both the Dallas and Fort Worth divisions. The court declines to sever the case prior to transfer out of a concern that doing so could result in duplicative litigation and a waste of judicial resources. See Harris Cnty., Tex. v. CarMax Auto Superstores Inc., 177 F.3d 306, 319 (5th Cir. 1999) ("'As between federal district courts, . . . the general principle is to avoid duplicative litigation.'" (quoting West Gulf Maritime Association v. ILA Deep Sea Local 24, 751 F.2d 721 (5th Cir. 1985))); Bhd. of Locomotive Firemen & Enginemen v. Cent. of Georgia Ry. Co., 411 F.2d 320, 325 n.10 (5th Cir. 1969) ("'The economic waste involved in duplicating litigation is obvious.'" (quoting Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 930 (3d Cir. 1941))); cf. Houston Trial Reports, Inc. v. LRP Publications, Inc., 85 F. Supp. 2d 663, 671 (S.D. Tex. 1999) ("Conservation of judicial resources is a primary consideration. This factor favors transfer of venue if transfer would enable different cases involving the same parties or issues to be heard in a single forum."). Therefore, the court will grant Methodist-Dallas's Motion in part and transfer this case to the Dallas Division of the Northern District of Texas under 28 U.S.C. § 1404(a).

## V.   Conclusions and Order

For the reasons explained in § III above, the court concludes that the Northern District of Texas is clearly a more convenient

venue than this court. For the reasons explained in § IV above, the court concludes that of the transferee courts proposed by Defendants, the Dallas Division is relatively more convenient than the Fort Worth Division. Defendant Methodist-Dallas' Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, and in the Alternative, Motion to Transfer Venue Pursuant to 28 USC §1406 or §1404(a) (Docket Entry No. 15) is therefore **GRANTED IN PART**, and this case is **TRANSFERRED** to the Dallas Division of the Northern District of Texas under 28 U.S.C. § 1404(a).

Because the court has granted Methodist-Dallas's Motion under § 1404(a), the remainder of Methodist-Dallas's Motion seeking transfer under § 1406 or to dismiss under Rule 12(b)(3) is **MOOT**. For the same reason, Defendant Texas Health Resources' Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, and in the Alternative, Motion to Transfer Venue Pursuant to 28 USC §1406 or §1404(a) (Docket Entry No. 16) is **MOOT**.

**SIGNED** at Houston, Texas, on this 27th day of January, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-16-