IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Aetna Life Insurance Company, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-00347-M |
| | § | |
| Methodist Hospitals of Dallas, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# PLAINTIFF AETNA LIFE INSURANCE COMPANY'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT (DKT. 42 & 43)

OF COUNSEL:

Dimitri Zgourides
Texas Bar No. 00785309
Kendall M. Gray
Texas Bar No. 00790782
Mitchell A. Reid
Texas Bar No. 24037346
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

Mark A. Shoffner
Texas Bar No. 24037490
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
(214) 659-4400
(214) 659-4401 (Fax)

John B. Shely
Texas Bar No. 18215300
*jshely@andrewskurth.com*

ANDREWS KURTH L.L.P.
600 Travis Street, Suite 4200
Houston, TX 77002
(713) 220-4200
(713) 220-4285 (Fax)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
AETNA LIFE INSURANCE COMPANY

– i –

## TABLE OF CONTENTS

References to the Parties and Statutes ................................................................... ii

Table of Citations .................................................................................................... iii

I.      Introduction ....................................................................................................1

II.     Argument and Authorities .............................................................................2

        A.      The Hospitals Cannot Selectively Parse Section 1301.0041 Out Of The Texas Insurance Code ................................2

        B.      ERISA Preempts State Law Penalties Arising From ERISA Claims ......................................................................................4

III.    Conclusion and Prayer for Relief ..................................................................6

Certificate of Service ................................................................................................8

– i –

– ii –

## REFERENCES TO THE PARTIES AND STATUTES

| | |
|---|---|
| Aetna | Plaintiff Aetna Life Insurance Company |
| Hospitals | Defendant Methodist Hospitals of Dallas d/b/a Methodist Medical Center and Charlton Medical Center and Defendant Texas Health Resources |
| TPPA | The Texas Prompt Pay Act, Texas Insurance Code, Chapters 843 & 1301 |

## TABLE OF CITATIONS

Page(s)

**CASES**

*Aetna Health Inc. v. Davila,*
   542 U.S. 200 (2004) ......................................................................................... 6

*Egelhoff v. Egelhoff,*
   532 U.S. 141 (2001) ...................................................................................... 4, 5

*FMC Corp. v. Holliday,*
   498 U.S. 52 (1990) ........................................................................................... 5

*Health Ins. Plans v. Hudgens,*
   742 F.3d 1319 (11th Cir. 2014) ................................................................. 1, 4, 5

*King v. Bluecross Blueshield of Ala.,*
   439 F. App'x 386 (5th Cir. 2011) ...................................................................... 6

*Mayeaux v. La. Health Serv. & Indem. Co.,*
   376 F.3d 420 (5th Cir. 2004) ............................................................................ 5

*Tex. Dep't of Ins. v. Am. Nat'l Ins. Co.,*
   410 S.W.3d 843 (Tex. 2012) ......................................................................... 1, 4

*United Healthcare Ins. Co. v. Levy,*
   114 F. Supp. 2d 559 (N.D. Tex. 2000) (Lynn, J.) ............................................ 1

**STATUTES**

ERISA ................................................................................................... passim

Tex. Ins. Code Ann. § 1301.0041 (West 2009 & Supp. 2014) .......... 1, 2, 3, 6

Chapter 1301 of the Texas Insurance Code ..................................... 1, 2, 3, 6

**OTHER AUTHORITIES**

29 C.F.R. § 2560.503-1 ............................................................................... 6

Senate Bill 418 ............................................................................................ 2

## I. INTRODUCTION

Aetna argues only that the Texas Prompt Pay Act means what it says, for if it is applied to self-funded plans, it is clearly preempted by ERISA.[1] The Hospitals, in contrast, argue that "[t]he statute is ***unambiguous***" (*see* Hospitals' Cross-Motion Brief at 1 & 3), but then foist over thirteen pages of purported legislative history on the Court, mostly comprised of slippery statements from non-legislative bodies.

The Legislature did not prevaricate. The text of Chapter 1301 of the Texas Insurance Code only applies to an "*insurer*" providing benefits "through the insurer's *health insurance policy*." Tex. Ins. Code Ann. § 1301.0041 (West 2009 & Supp. 2014). Thus, Chapter 1301 does not apply to any claim submitted under a self-funded benefit plan, which conclusively lacks both an "insurer" and a "health insurance policy."[2]

Were it otherwise, the Act would be preempted by federal law. State prompt-pay laws penalizing ERISA claims administrators have the same preempted effect as penalizing the ERISA plan. The administrator is "acting pursuant to the underlying self-funded ERISA plans," and such laws necessarily compromise nationwide ERISA-plan administration.[3]

---

[1] Aetna incorporates herein its prior briefing on the issues raised in the Hospitals' Cross-Motion, including its Motion for Summary Judgment (Dkt. 17), Notice of New Authority (Dkt. 34), Reply in Support of Motion for Summary Judgment (Dkt. 38), and Request for Oral Argument (Dkt. 39).

[2] *Tex. Dep't of Ins. v. Am. Nat'l Ins. Co.*, 410 S.W.3d 843, 848 (Tex. 2012).

[3] *Am.'s Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1333-34 & n.18 (11th Cir. 2014); *see, e.g., United Healthcare Ins. Co. v. Levy*, 114 F. Supp. 2d 559, 566 & n.8 (N.D. Tex. 2000) (Lynn, J.) (ERISA "ensure[s] that plans and plan sponsors would be subject to a uniform body of benefits law").

## II. ARGUMENT AND AUTHORITIES

### A. The Hospitals Cannot Selectively Parse Section 1301.0041 Out Of The Texas Insurance Code

The Hospitals argue that the statutory inquiry "starts and stops" with sections 1301.103, 1301.108, and 1301.137. Those provisions, according to the Hospitals, operate independently of section 1301.0041, the Chapter's "Applicability" provision. But the Hospitals' reading is nothing more than a naked re-write of the statute without legal support. Section 1301.0041 applies to "this chapter," meaning the **_entire_** Chapter 1301—including the sections asserted by the Hospitals.[4]

The Hospitals' argument that section 1301.0041 "did not exist within the legislation creating the TPPA, Senate Bill 418," attempts a similar selective view of the predecessor statutes.[5] **_All_** prior versions of the applicability statute express the same substantive requirements for an "insurer" and benefits provided through a "health insurance policy." *See* Aetna's Reply, Exhibits 1, 2, & 3 (Dkt. 38-1).[6]

---

[4] Boiled down, the Hospitals again argue that one provision must be "trumped" for another. All provisions can and must be enforced.

[5] *See* Cross-Motion Brief at 4. For example, the Hospitals argue that Senate Bill 418 "focused on the contract between the provider and the insurer or HMO." (Cross-Motion Brief at 9) But their only support for that contention is the penalty-calculation provision in section 1301.137, which itself requires an "insurer." Had the Legislature actually attempted what the Hospitals theorize—applying penalties only to "the contract"—the Legislature could have simply stated as much; it did not. Similarly, the Hospitals inconsistently disclaim any reliance on Chapter 1301's other sections, even while their theorized statutory reading necessitates reference to the statutory definitions in section 1301.001.

[6] Moreover, the Hospitals' argument regarding the later-enactment of section 1301.0041 is irrelevant because all of the claims at issue were submitted under the present statute requiring an "insurer" and a "health insurance policy."

In particular, the Hospitals' attempted misapplication of the 2007 amendment actually supports Aetna. The 2007 Legislature specified that section 1301.0041 was needed to conform "***more closely***" with the prior versions of Chapter 1301 (Aetna's Reply Exhibits 1-3)—each of which required the same "insurer" that provided benefits "through the insurer's health insurance policy":

> (b) Subchapter A, Chapter 1301, Insurance Code, is amended ==to conform more closely to the source law from which Chapter 1301 was derived== by adding Section 1301.0041 to read as follows:
> Sec. 1301.0041. APPLICABILITY. This chapter applies to any preferred provider benefit plan in which an ==insurer== provides, ==through the insurer's health insurance policy,== for the payment of a level of coverage that is different from the basic level of coverage provided by the health insurance policy if the insured uses a preferred provider.

The Hospitals similarly argue that the 2011 addition of "Except as otherwise specifically provided by this chapter" changed everything. But section 1301.0041 still requires—as it always has—that an "insurer" provide the benefits "through the insurer's health insurance policy." Indeed, the Hospitals' brief is devoid of ***any*** authority indicating a legislative sea-change in 2011.[7] Rather, (b) and (c) to section 1301.0041, enacted in the exact same 2011 amendment, identify the provisions necessitating the phrase asserted by the Hospitals:

> (b) Unless otherwise specified, an exclusive provider benefit plan ==is subject to this chapter== in the same manner as a preferred provider benefit plan.
> (c) ==This chapter does not apply to:==
>  (1) the child health plan program under Chapter 62, Health and Safety Code; or
>  (2) a Medicaid managed care program under Chapter 533, Government Code.

---

[7] Although unnecessary for this ***admittedly unambiguous*** statute, Aetna's Reply addressed the actual legislative history. And notably, when the purported about-face occurred in 2011, the Hospitals' putative "history" is silent.

– 3 –

All claims under self-funded plans are separately and specifically excluded under section 1301.0041(a) because self-funded plans have neither an "insurer" nor a "health insurance policy" as a matter of law.[8] The statute should be enforced as written.

### B. ERISA Preempts State Law Penalties Arising From ERISA Claims

The Hospitals' invited misconstruction of the TPPA would necessarily run afoul of ERISA preemption. According to the Hospitals, the TPPA was purposefully designed to "regulate claims"[9] under all plans, ERISA and non-ERISA alike. But state laws that attempt to regulate the "processing of claims and disbursement of benefits" necessarily conflict with ERISA's mandate of federal exclusivity over plan administration. *Egelhoff v. Egelhoff*, 532 U.S. 141, 146-48 (2001).[10]

In *Hudgens*, the Georgia statute—just like the Hospitals' asserted interpretation of the TPPA—"would require self-funded ERISA plans to process and pay provider claims, or notify claimants of claim denials" within specified timeframes. *Hudgens*, 742 F.3d at 1331. Those timeliness requirements, however, "fly in the face of one of ERISA's main goals: to allow employers 'to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and

---

[8] *Am. Nat'l Ins. Co.*, 410 S.W.3d at 848.

[9] The TPPA's **_intended_** effect, according to the Hospitals, is to regulate claims on an ongoing basis—as prohibited under ERISA. *See, e.g.,* Cross-Motion Brief at 10.

[10] The Hospitals' continued reliance on jurisdictional preemption demonstrates the emptiness of their arguments on express- and conflict-preemption.

– 4 –

disbursement of benefits.'" *Id.* (quoting *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 9 (1987)). Basically, uniform plan administration under ERISA is the exclusive federal concern—as recognized by the United States Supreme Court—invaded by the TPPA. *Egelhoff,* 532 U.S. at 141.[11]

The Hospitals attempt to distinguish *Hudgens* on the basis that it did not address the law's effect on "traditional ERISA entities." The Georgia Commissioner of Insurance argued this point precisely—that claims-administrators (like Aetna) and medical providers (like the Hospitals) "are not 'ERISA entities.'" *Hudgens,* 742 F.3d at 1331. And the Eleventh Circuit correctly rejected it: "This argument holds no water, as we have held that ERISA's overarching purpose of uniform regulation of plan benefits overshadows this distinction." *Id.*

The Hospitals' argument, already rejected in the Eleventh Circuit, also misstates the Fifth Circuit's test. The Fifth Circuit does not, as the Hospitals contend, require "that the party bringing the claim" be a traditional ERISA entity. Rather, the claim need only "directly affect the relationship between the plan and its beneficiary, two traditional ERISA entities." *See Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 433 (5th Cir. 2004). A collateral attack on claims administration, like that present here, is sufficient to trigger preemption under ERISA. *Id.*; *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209 (2004).

---

[11] Again, ERISA's broad and expansive preemption provision prohibits states from complicating the administration of nationwide plans. *FMC Corp. v. Holliday,* 498 U.S. 52, 61 (1990).

Furthermore, the Hospitals' evasion of conflict preemption is notable. They simply make no mention of the claims-processing and time-period requirements of ERISA, in conflict with the TPPA. 29 C.F.R. § 2560.503-1. ERISA does not abide one set of claims processing regulations under federal law and a different, conflicting set under state law. *See Davila*, 542 U.S. at 209 ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

### III. CONCLUSION AND PRAYER FOR RELIEF

All provisions of Chapter 1301 can and must be enforced. Section 1301.0041 excludes self-funded claims by requiring an "insurer" and a "health insurance policy." The Hospitals agree the statute is unambiguous, and they cannot pick and choose which provisions they want to enforce. Their ERISA preemption arguments are similarly selective. Regulating the timeliness of claims payments necessarily conflicts with the "clearly expansive"[12] congressional mandate that ERISA have exclusive purview over ERISA-claim administration. Aetna prays that the Court deny Defendants' Cross-Motion for Summary Judgment, grant Aetna's Motion for Summary Judgment (Dkt. 17), and grant all other and further relief to which Aetna is justly entitled.

---

[12] *King v. Bluecross Blueshield of Ala.*, 439 F. App'x 386, 388–89 (5th Cir. 2011) (citing *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.,* 519 U.S. 316, 324 (1997)).

                         Respectfully submitted,

                         ANDREWS KURTH LLP

OF COUNSEL:

By:    *s/ John B. Shely*

Dimitri Zgourides                    John B. Shely
Texas Bar No. 00785309        Texas Bar No. 18215300
Kendall M. Gray                     *jshely@andrewskurth.com*
Texas Bar No. 00790782        600 Travis, Suite 4200
Mitchell A. Reid                    Houston, Texas 77002
Texas Bar No. 24037346        (713) 220-4200
ANDREWS KURTH LLP         (713) 220-4285 (Fax)
600 Travis, Suite 4200
Houston, Texas 77002          ATTORNEY-IN-CHARGE FOR
(713) 220-4200                       PLAINTIFF AETNA LIFE INSURANCE
(713) 220-4285 (Fax)           COMPANY

Mark A. Shoffner
Texas Bar No. 24037490
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
(214) 659-4400
(214) 659-4401 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2014, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users":

>Mikal C. Watts
>*mcwatts@wgclawfirm.com*
>Watts Guerra, LLP
>4 Dominion Drive
>Building 3, Suite 100
>San Antonio, Texas 78257
>
>Joe Don Ridgell
>*jdridgell@fotllp.com*
>Francis Orr &Totusek LLP
>500 N. Akard Street, Suite 2550
>Dallas, Texas 75201

>*John B. Shely*
>John B. Shely

– 8 –