**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| Aetna Life Insurance Company, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-00347-M |
| | § | |
| Methodist Hospitals of Dallas, *et al.*, | § | |
| | § | |
| Defendants. | § | |

---

## PLAINTIFF AETNA LIFE INSURANCE COMPANY'S SUPPLEMENTAL BRIEF ON STANDING AND JURISDICTION

---

OF COUNSEL:

Dimitri Zgourides
Texas Bar No. 00785309
Kendall M. Gray
Texas Bar No. 00790782
Mitchell A. Reid
Texas Bar No. 24037346
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

Mark A. Shoffner
Texas Bar No. 24037490
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
(214) 659-4400
(214) 659-4401 (Fax)

John B. Shely
Texas Bar No. 18215300
*jshely@andrewskurth.com*
ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
AETNA LIFE INSURANCE COMPANY

**TABLE OF CONTENTS**

References to the Parties and Contracts.................................................................. ii

Table of Citations ....................................................................................................... iii

I.      Introduction.................................................................................................... 1

II.     Argument and Authorities ............................................................................ 3

        A.      ALIC Is In Contractual Privity With The Hospitals ............................. 3

        B.      ALIC—Not AHI—Administered All The Self-Funded
                Claims.................................................................................................. 6

        C.      ALIC Is The Only Proper TPPA Defendant On Self-
                Funded Claims.................................................................................... 7

        D.      AHI Is An HMO, Thus Not A Proper TPPA Defendant
                Here..................................................................................................... 8

        E.      The Court Has Jurisdiction To Grant ALIC's
                Declaratory Relief Pursuant To ERISA.............................................. 9

                1.      ERISA § 502(a)(3) Empowers The Court To
                        Grant "Equitable Relief" Enforcing ERISA's
                        Mandate Of Exclusivity ............................................................ 9

                2.      The Hospitals Could Have Sued ALIC Under
                        ERISA, Establishing Jurisdiction Under The
                        Declaratory Judgment Act..................................................... 10

III.    Conclusion And Prayer For Relief .............................................................. 11

Certificate of Service ............................................................................................... 12

**REFERENCES TO THE PARTIES AND CONTRACTS**

| | |
|---|---|
| ALIC | Plaintiff Aetna Life Insurance Company |
| Hospitals | Defendant Methodist Hospitals of Dallas d/b/a Methodist Medical Center and Charlton Medical Center and Defendant Texas Health Resources |
| Agreements | Collectively, the Managed Care Agreement originally between Aetna U.S. Healthcare of North Texas Inc., on behalf of itself and its Affiliates (ALIC's Motion for Summary Judgment, Exhibit A-1, at Dkt. 17-3), and |
| | The Hospital Services Agreement between Aetna Health Inc., on behalf of itself and its applicable Affiliates, and Texas Health Resources (ALIC's Motion for Summary Judgment, Exhibit A-2, at Dkt. 17-4). |

**TABLE OF CITATIONS**

**CASES**

*ACS Recovery Servs., Inc. v. Griffin,*
   723 F.3d 518 (5th Cir. 2013) (en banc) .................................................. 3, 9

*Aetna Health Inc. v. Davila,*
   542 U.S. 200 (2004) .................................................................................. 10

*Bauhaus USA, Inc. v. Copeland,*
   292 F.3d 439 (5th Cir. 2002) ...................................................................... 3

*Christus Health Gulf Coast v. Aetna, Inc.,*
   397 S.W.3d 651 (Tex. 2013) ........................................................................ 1

*Great–West Life & Annuity Ins. Co. v. Knudson,*
   534 U.S. 204 (2002) .................................................................................. 10

*Hellenic Inv. Fund, Inc. v. Det Norske Veritas,*
   464 F.3d 514 (5th Cir. 2006) ...................................................................... 4

*IBEW-NECA Sw. Health & Benefit Fund v. Gurule,*
   337 F. Supp. 2d 845 (N.D. Tex 2004) ........................................................ 9

*In re Rubiola,*
   334 S.W.3d 220 (Tex. 2011) .................................................................. 1, 4

*Transamerica Occidental Life Ins. Co. v. Digregorio,*
   811 F.2d 1249 (9th Cir. 1987) .................................................................. 10

*Wacker v. Bisson,*
   348 F.2d 602 (5th Cir. 1965) ...................................................................... 9

**STATUTES**

28 U.S.C. § 2201(a) .................................................................................. 2, 10

29 U.S.C. § 1132(a) ........................................................................................ 3

29 U.S.C. § 1132(a)(1)(B) ............................................................................ 10

29 U.S.C. § 1132(a)(3) .................................................................................... 3

29 U.S.C. § 1132(e) ........................................................................................ 9

TEX. INS. CODE ANN. § 1301.001(5) ............................................................ 2

TEX. INS. CODE ANN. § 1301.0041 ............................................................2, 7

TEX. INS. CODE ANN. § 1301.0041(a) ............................................................8

TEX. INS. CODE ANN. § 1301.137 ............................................................2, 7

**OTHER AUTHORITIES**

https://apps.tdi.state.tx.us/sfsdatalookup/StartAction.do ...........................7

## I.    INTRODUCTION

The Court has subject matter jurisdiction because the proper parties are here. If Chapter 1301 applies, and if Chapter 1301 is not preempted, ALIC is and will be liable to the Hospitals for any prompt pay violation established under the terms of Chapter 1301 for the self-funded claims at issue in this suit. Indeed, Aetna Health Inc. ("AHI"), an HMO, is not a proper party in this suit, let alone a necessary party.

ALIC brought suit seeking a declaration of whether a statutory Texas Prompt Pay Act ("TPPA") claim under Chapter 1301 of the Insurance Code is preempted by ERISA as applied exclusively to self-funded (i.e., employer-funded) ERISA claims.[1] This suit does not involve insured HMO claims under Chapter 843 of the code. AHI, an HMO, cannot be liable to the Hospitals under Chapter 1301.[2]

- The TPPA requires contractual privity,[3] and ALIC is in contractual privity with the Hospitals.

- The contracts state that AHI contracted with the Hospitals on behalf of all Aetna affiliates.[4]

---

[1]   Plaintiff Aetna Life Insurance Company's First Amended Complaint (Dkt. 5), at ¶ 45 ("Aetna is entitled to a declaration that the Texas Prompt Payment Act . . . is preempted by ERISA").

[2]   The Hospitals raised yet another new argument on December 11, 2014, under section 843.211, which provides that an HMO under Chapter 843 cannot contractually shift its liability ***on HMO claims*** (there are no such claims here). Transcript of Oral Hearing, December 11, 2014, at p. 15-16; *see also infra* at II.A.-II.C.

[3]   *Christus Health Gulf Coast v. Aetna, Inc.*, 397 S.W.3d 651, 654 (Tex. 2013).

[4]   Dkt. 17-3 (p. 2 of 35 & p. 13 of 35) & 17-4 (p. 4 of 38). *See also infra* at II.A. *In re Rubiola,* 334 S.W.3d 220, 225-26 (Tex. 2011) (authorizing incorporation of parties by reference).

- The Explanations of Benefits ("EOBs") and ERISA plans in this record establish that ALIC was the affiliate that administered all self-funded ERISA claims at issue in this suit.[5]

- Chapter 1301 requires that any TPPA claim arising from the administration of those claims be brought against an "insurer" as defined under Chapter 1301 of the Insurance Code.[6]

- ALIC is an "insurer" as defined by Chapter 1301 and is a proper TPPA defendant.[7]

- AHI, an HMO, is not an "insurer" as defined by Chapter 1301 and is not a proper TPPA defendant for these claims.[8]

The Hospitals' other claims, arising from insured plans against AHI in another lawsuit under Chapter 843, are of no moment here. AHI is an HMO exclusively, and as such, was ***not responsible for and did not administer*** any self-funded claims, none of which are HMO claims. ALIC's pleading does not touch those claims. AHI is not a proper TPPA defendant for these claims and the Hospitals' separate lawsuit does not deprive the court of jurisdiction to decide the preemption issue.

The Court has two bases for federal question jurisdiction as well: the Federal Declaratory Judgment Act (28 U.S.C. § 2201(a)) and ERISA's

---

[5]  *See* Dkt. 20-3, 20-7, 20-9, 20-10; *see also infra* at II.B.

[6]  TEX. INS. CODE ANN. §§ 1301.001(5); .0041; .137 (West 2009 & Supp. 2014). Both Chapter 843 (for HMO claims) and Chapter 1301 (for PPO claims) form the TPPA, but only Chapter 1301 is applicable to non-HMO claims paid by ALIC (HMO claims are not self-funded). The Hospitals' pre-suit demand (Dkt. 28-1 (p. 381 of 386) & 28-2 (p. 377 of 382)) recognized the distinction and sought TPPA penalties "pursuant to the Texas Health Maintenance Organization Act (Texas Insurance Code, Chapter 843) and Texas Insurance code, Chapter 1301, which applies to Preferred Provider Benefit Plans (collectively, the Texas Prompt Pay Act)." But as shown below, Chapter 843 is not at all applicable to ALIC or any self-funded claim.

[7]  *See infra* II.C.

[8]  *See infra* II.D.

civil enforcement provision (29 U.S.C. 1132(a)). First, the Declaratory Judgment Act—The Hospitals were assignees of ERISA benefits because their contracts ***required them*** to take assignments as a condition of being paid under their contracts.[9] The Hospitals' post-hoc attempt to disclaim their ERISA-assignee status does not change the fact that they have the assignments. As assignees under ERISA plans, they ***could have*** brought claims under ERISA's civil-enforcement provision. As a result, ALIC can independently contest the claims because ERISA does not allow the Hospitals to pick and choose their remedies.

In addition, ALIC, an ERISA fiduciary, has requested equitable relief under 29 U.S.C. § 1132(a)(3) against the Hospitals concerning their entitlement to penalties under ERISA and the terms of their plans. That the Hospitals disclaim their assignments for purposes of pursuing their claims in state court does not deprive this Court of jurisdiction over ALIC's own claims. The requested declaratory relief is plainly equitable in nature—it does not seek money or anything else "tantamount to legal relief." The Hospitals' only putative authority otherwise was expressly overruled by the Fifth Circuit. *ACS Recovery Servs., Inc. v. Griffin*, 723 F.3d 518, 523 (5th Cir. 2013) (en banc) (overruling *Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439 (5th Cir. 2002)).

## II.     ARGUMENT AND AUTHORITIES

### A.     ALIC Is In Contractual Privity With The Hospitals

As a matter of Texas law, ALIC is a party to the Hospitals' Agreements. ALIC can sue and be sued under those Agreements because AHI executed those Agreements on behalf of all "Affiliates," and ALIC is

---

[9]   *See* Dkt. 17-3 (p. 7 of 35 (§ 4.5)); Dk. 17-4 (p. 12 of 38 (§ 4.1.1)).

– 3 –

the "Affiliate" on the hook here. That is enough. *See In re Rubiola,* 334 S.W.3d 220, 222-23 (Tex. 2011) (authorizing enforcement of a contract's arbitration clause by a non-signatory to the contract incorporating "partners, affiliates, officers, directors," etc.); *see also Hellenic Inv. Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517 (5th Cir. 2006) (recognizing that ordinary principles of contract and agency law authorize enforcement of contracts by non-signatories).[10]

Both Agreements incorporated each Aetna "Affiliate," as follows:

➢ Methodist's Managed Care Agreement (ALIC's MSJ, Exhibit A-1; Dkt. 17-3, p. 2 of 35 & p. 13 of 35):

> This Managed Care Agreement ("Agreement") is made and entered into by and between Aetna U.S. Healthcare of North Texas Inc., on behalf of itself and its Affiliates (as defined below) (hereinafter "Company"), and Methodist Hospitals of Dallas d/b/a Methodist Medical Center and Charlton Methodist Hospital, a Texas non-profit corporation ("Hospital").

> 12.1  Affiliate. An Affiliate, with respect to Company, means any corporation, partnership or other legal entity (including any Plan) directly or indirectly owned or controlled by, or which owns or controls, or which is under common ownership or control, with Company.

➢ THR's Hospital Services Agreement (ALIC's MSJ, Exhibit A-2; Dkt. 17-4, p. 4 of 38):

> This Hospital Services Agreement ("Agreement") is made and entered into as of September 15, 2005 ("Effective Date") by and between Aetna Health Inc., a Texas corporation, on behalf of itself and its applicable Affiliates (hereinafter "Company"), and Texas Health Resources (THR), a non-profit Texas corporation ("Hospital").

> 1.2  Affiliate. Any corporation, partnership or other legal entity (including any Plan) directly or indirectly owned or controlled by, or which owns or controls, or which is under common ownership or control with Company. Companies Ultimate Parent Company, Aetna Inc. includes a list of affiliates as an exhibit to its form 10-K as filed each year with the Securities and Exchange Commission (SEC). Such list is current as of the date of such filing. A copy of such exhibit may be obtained by accessing Aetna's shareholder information at www.aetna.com or the SEC's Edgar Database at www SEC.gov or Company shall provide Hospital with a list upon Hospital's request. A list of Company Affiliates, as of December 31st, 2004, is attached hereto as the Aetna Affiliate Listing. Company shall provide Hospital with Notice of new Affiliates as referenced in Section 9.6.

---

[10] ALIC was contracted with the Hospitals directly, but even third-party beneficiaries are capable of contract enforcement, contrary to what the Hospitals may argue. *See Hellenic Inv. Fund, Inc.*, 464 F.3d at 517.

The Hospitals' only argument is that *Christus Health Gulf Coast v. Aetna, Inc.*, allows them to nullify their privity with ALIC because they want to sue AHI instead. *Christus* only holds that Texas prompt-pay claims require privity with the insurer or HMO responsible for the medical claim. There, the hospitals had no contract with any Aetna entity.[11] Here, the Hospitals' Agreements with AHI on behalf of **every** Aetna entity easily satisfy that test. The Hospitals have never contested ALIC's "Affiliate" relationship with AHI.[12]



---

[11] *See* Transcript of Oral Hearing, October 16, 2014, p. 53-54 (providing a demonstrative to the Court, reproduced here, and explaining that in *Christus*, unlike here, "there was no direct contract between Aetna and the hospitals. Instead, the hospitals had contracted exclusively with an organization called NAMM").

[12] The Hospitals' Certificates of Interested Persons submitted to Judge Boyle and Judge McBryde even identify ALIC, and the Hospitals disclaimed arguing otherwise before the Court at oral hearing on September 9, 2014 (transcript p. 30-31), explaining that Judge Wilkinson's ruling in THR's lawsuit against AHI "is binding on the parties involved here"—ALIC. Also, ALIC has consistently explained (p. 30, lns. 3-8) that AHI is only a proper party for HMO claims: The Hospitals "can tell us right now if [their] claims in that [state-court] case are limited to insurer-HMO [i.e., under Chapter 843] claims or not. We say that's what it should be."

The Hospitals might have sued ALIC or AHI or both for breach of contract. But no breach of contract claim is at issue here or in state court. This lawsuit involves only potential statutory liability under Chapter 1301, and ALIC is the only Aetna party who can be reached under the terms of Chapter 1301. *See infra* § II.C. & D.

**B.      ALIC—Not AHI—Administered All The Self-Funded Claims**

All ERISA plans and EOBs in the record establish that ALIC is the only claims-administrator of self-funded claims. Therefore, ALIC is the proper party for the Hospitals' complaints arising from self-funded claims. For example, ExxonMobil's self-funded ERISA benefit plan (Dkt. 20-3, p. 6 of 88) says so:

> The network for medical care covered under the POS II option – referred to as the Medical POS II in this SPD – is offered by Aetna. Aetna Life Insurance Company (Aetna) is the network manager and claims administrator for the Medical POS II.

The EOB sent by ALIC to the Hospitals pursuant to the ExxonMobil plan (Dkt. 20-9, p. 8 of 10) further identified ALIC as the only claims-administrator, as follows:



The same is true for SCI's self-funded ERISA plan and resulting EOB:

➢   The self-funded ERISA SCI Plan (Dkt. 20-7, p. 15 of 18):

Welfare Benefit Plan Claims Administrators

| BENEFIT | CLAIMS ADMINISTRATOR |
|---|---|
| Medical | Aetna Life Insurance Company |
| Dental | Aetna Life Insurance Company |

➢ ALIC's EOB for SCI's self-funded benefits (Dkt. 20-10, p. 2 of 3):



ALIC administered the claims. ALIC is the proper party for any Chapter 1301 prompt-pay complaint. AHI did not administer the claims. AHI is not the proper party under Chapter 1301, and the definitions in Chapter 1301 confirm this.

## C.     ALIC Is The Only Proper TPPA Defendant On Self-Funded Claims

Chapter 1301, on its face, requires an "insurer" for any penalties to apply. *See* TEX. INS. CODE ANN. § 1301.137 (imposing penalties on an "insurer" only); *see also* TEX. INS. CODE ANN. § 1301.0041 (requiring an "insurer" and benefits provided "through the insurer's health insurance policy."). ALIC is an "insurer" in Texas licensed to issue health insurance policies under Chapter 982.[13] Section 1301.001(5) defines an "insurer" as "a life, health, and accident insurance company, health and accident insurance company, health insurance company, or other company operating under Chapter 841, 842, 884, 885, 982, or 1501, that is authorized to issue, deliver, or issue for delivery in this state health insurance policies."[14]

---

[13] *See* https://apps.tdi.state.tx.us/sfsdatalookup/StartAction.do (Excel spreadsheet of all "Authorized Insurance Companies" in Texas, including Aetna Life Insurance company authorized to issue "Health" policies in Texas) (select "Regulated Companies," "Authorized Insurance Companies," "All Company Types," "All Line Types," in Column E find "Aetna Life Insurance Company," Column AL shows only "Accident; Health; Life; Variable Annuities"—not HMO).

[14] ALIC's role here is no surprise to the Hospitals. In addition to their Certificates of Interested Persons identifying ALIC (*see* note 12, above), their Cross-Motion for Summary Judgment here (Dkt. 43, p. 3) demonstrates that the Hospitals

Thus, although ALIC did not insure these self-funded plans, ALIC is an insurer under Texas law and Chapter 1301. AHI, in contrast, is not and cannot be sued under Chapter 1301. *See infra* § II.D.

**D.   AHI Is An HMO, Thus Not A Proper TPPA Defendant Here**

AHI ***cannot*** be liable for a prompt pay claim under Chapter 1301. AHI does not fit the statutory definition of "insurer." AHI is an HMO under Chapter 843, which is ***excluded*** from the list of "operating under" Chapters required in section 1301.001(5).[15] AHI has no statutory liability for PPO claims under Chapter 1301; it only has liability for HMO claims under Chapter 843. But HMO claims are not at issue in this suit.[16]

ALIC is the only party that administered any self-funded claim and is the proper potentially-liable "insurer"; AHI, as a matter of law, is not an "insurer" and had nothing whatsoever to do with any self-funded

cannot sue only AHI—an HMO under Chapter 843—because the Hospitals instead argue that Chapter 1301's "insurer" requirement is met: "***Aetna is such an 'insurer,'*** and is listed by the Texas Department of Insurance as such a licensed insurer in the state of Texas." The Hospitals' Cross-Motion looks to the same TDI licensure websites showing that ALIC only offers "Accident; Health; Life; Variable Annuities"—not "Health Maintenance" (i.e., HMO) plans. *See* note 13, above.

[15] Again, the same TDI website previously asserted by the Hospitals' Cross-Motion shows that AHI offers "Health Maintenance"—HMO under Chapter 843—and nothing else.

[16] Even if the Hospitals could dictate AHI's defenses in other lawsuits, a verified denial is not required for AHI's defenses before Judge Wilkinson or in any of the numerous confidential arbitrations filed by Defendants' counsel. For HMO claims governed by Chapter 843, none of which are at issue here, there is no defect of parties because AHI is the proper party for those claims pursuant to Chapter 843. AHI is simply not liable under the statute for PPO claims, and AHI is under no obligation to add additional, unnecessary Aetna-affiliated parties to any lawsuit or arbitration. *See* TEX. INS. CODE ANN. § 1301.0041(a) (requiring benefits provided "through the insurer's health insurance policy" for each claim at issue, conclusively lacking for self-funded claims).

– 8 –

claim. Therefore, AHI is entirely irrelevant to the claims at issue in this (ALIC's) lawsuit.

**E.      The Court Has Jurisdiction To Grant ALIC's Declaratory Relief Pursuant To ERISA**

> **1.      ERISA § 502(a)(3) Empowers The Court To Grant "Equitable Relief" Enforcing ERISA's Mandate Of Exclusivity**

The Fifth Circuit has aligned itself with "at least five other circuits" in affirming jurisdiction over any well-pleaded claim for equitable relief under ERISA § 502(a)(3). *ACS Recovery Servs., Inc.*, 723 F.3d at 523. Specifically, "whether a claim for equitable relief under ERISA § 502(a)(3) has been stated is ***within federal courts' jurisdiction*** irrespective of the claim's ultimate merit. Reinforcing this conclusion is that ***ERISA grants federal courts exclusive jurisdiction*** separate and apart from its articulation of causes of action. *See* 29 U.S.C. § 1132(e)." *Id.* (emphasis added).

Thus, jurisdiction is proper because ALIC's "declaratory judgment is an equitable remedy," squarely authorized by ERISA § 502(a)(3). *Wacker v. Bisson*, 348 F.2d 602, 610 (5th Cir. 1965). ALIC plainly does not seek anything "tantamount to legal relief," i.e., money damages, and the Hospitals have no colorable response otherwise.[17] ALIC's claim is clearly within the Court's jurisdiction. *ACS Recovery Servs., Inc.*, 723

---

[17] An example of the Hospitals' misguided authorities is their reliance on *IBEW-NECA Southwest Health & Benefit Fund v. Gurule*, 337 F. Supp. 2d 845 (N.D. Tex 2004), which granted declaratory relief and held that "the ***court has subject matter jurisdiction*** over this action" because it sought equitable relief under ERISA. In fact, the magistrate's opinion expressly recognized that "Plaintiffs ***may assert a request for declaratory judgment*** [under ERISA] . . . . if the action attempts ***to establish the primacy of an ERISA obligation*** over some independent, potentially conflicting state law duty[.]" *Id.* at 859. ERISA thus authorizes ALIC's relief here.

F.3d at 524 (citing *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204 (2002)).

> **2.    The Hospitals Could Have Sued ALIC Under ERISA, Establishing Jurisdiction Under The Declaratory Judgment Act**

Jurisdiction is independently established under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) because the Hospitals could have pursued their timeliness complaints under ERISA § 502(a) as assignees of ERISA participants and beneficiaries. The Hospitals attempt to avoid their assignee status by disclaiming their assignments, but of course they do not (and cannot) deny ***having*** assignments. The Hospitals were, in fact, contractually obligated to receive benefit-assignments from all of the patients at issue:[18]

> 4.5    Assignments of Benefits and Consents to Release of Medical Information. Hospital shall obtain from all non-HMO Members to whom Hospital Services are provided: (a) signed assignments of benefits authorizing payment for Hospital Services to be made directly to Hospital; and (b) consents to the release of medical information to Company, Payors and their agents and representatives.

The Hospitals' assignee status means they cannot pick and choose which remedies they pursue. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (precluding "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy"). Their claims ***could have*** been brought under ERISA's civil-enforcement provision. *See* 29 U.S.C. § 1132(a)(1)(B) (authorizing suit "to enforce [the beneficiary's] rights under the terms of the plan"). As a result, ALIC can independently contest the claims under 28 U.S.C. § 2201(a). *See Transamerica Occidental Life Ins. Co. v. Digregorio*, 811 F.2d 1249, 1253

---

[18] Dkt. 17-3 (p. 7 of 35). THR likewise represented in its Agreement (Dkt. 17-4 (p. 12 of 38 (§ 4.1.1)) that "it ***has obtained signed assignments of benefits*** authorizing payment for Hospital Services to be made directly to Hospital." (emphasis added).

(9th Cir. 1987) (affirming jurisdiction because "ERISA would have permitted [the beneficiary] to sue on this claim in federal court"). ALIC has done so and the Court has jurisdiction to reach the merits.

### III.    CONCLUSION AND PRAYER FOR RELIEF

Plaintiff Aetna Life Insurance Company is the only ERISA claims administrator potentially liable under Chapter 1301 of the Texas Insurance Code for self-funded ERISA claims—the only statute and the only claims at issue in this lawsuit. The Hospitals' other claims against other parties under other statutes are of no moment to the claims actually pleaded here by ALIC. As a federally-regulated ERISA claims administrator seeking equitable relief expressly authorized under federal law on ERISA claims, ALIC properly invoked the Court's jurisdiction, which cannot be denied.

Respectfully submitted,

ANDREWS KURTH LLP

OF COUNSEL:

By:___*s/ John B. Shely*_____

Dimitri Zgourides
Texas Bar No. 00785309
Kendall M. Gray
Texas Bar No. 00790782
Mitchell A. Reid
Texas Bar No. 24037346
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

Mark A. Shoffner
Texas Bar No. 24037490
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
(214) 659-4400
(214) 659-4401 (Fax)

 John B. Shely
 Texas Bar No. 18215300
 *jshely@andrewskurth.com*
 600 Travis, Suite 4200
 Houston, Texas 77002
 (713) 220-4200
 (713) 220-4285 (Fax)

ATTORNEY-IN-CHARGE FOR
PLAINTIFF AETNA LIFE
INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2014, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who are known "Filing Users."

 *John B. Shely*_____
 John B. Shely