IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Aetna Life Insurance Company, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-00347-M |
| Methodist Hospitals of Dallas, *et al.*, | § § | |
| Defendants. | § § | |

# PLAINTIFF AETNA LIFE INSURANCE COMPANY'S RESPONSE TO DEFENDANTS' NEW FILING

OF COUNSEL:

Dimitri Zgourides
Texas Bar No. 00785309
Kendall M. Gray
Texas Bar No. 00790782
Mitchell A. Reid
Texas Bar No. 24037346
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

Mark A. Shoffner
Texas Bar No. 24037490
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
(214) 659-4400
(214) 659-4401 (Fax)

John B. Shely
Texas Bar No. 18215300
*jshely@andrewskurth.com*
ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
AETNA LIFE INSURANCE COMPANY

## TABLE OF CONTENTS

References to the Parties and Contracts ................................................................. ii

Table of Citations ..................................................................................................... iii

I.   Introduction .................................................................................................... 1

II.  Argument and Authorities ............................................................................. 1

    A.   The Hospitals Admit That ALIC Was In Contractual
        Privity ................................................................................................... 1

    B.   Both AHI Witnesses Testified That The Contracted
        Claim-Administrator "Would Be On The EOBs" ................................ 2

    C.   All EOBs For All Self-Funded Claims At Issue Show
        ALIC; The Hospitals' Documents Do Not Show "Aetna
        Health Inc." *Anywhere* ........................................................................ 4

    D.   AHI's Defenses In Other Lawsuits Cannot Dictate
        This Court's Jurisdiction Over ALIC's Claims .................................... 5

    E.   The Hospitals Again Confuse "Complete" Preemption
        With This Court's Original Jurisdiction Granted By
        ERISA .................................................................................................. 6

III. Conclusion And Prayer For Relief ................................................................. 6

Certificate of Service ................................................................................................. 7

– ii –

## REFERENCES TO THE PARTIES AND CONTRACTS

| | |
|---|---|
| ALIC | Plaintiff Aetna Life Insurance Company |
| AHI | Aetna Health Inc. |
| Hospitals | Defendant Methodist Hospitals of Dallas d/b/a Methodist Medical Center and Charlton Medical Center and Defendant Texas Health Resources |
| Agreements | Collectively, the Managed Care Agreement originally between Aetna U.S. Healthcare of North Texas Inc., on behalf of itself and its Affiliates (ALIC's Motion for Summary Judgment, Exhibit A-1, at Dkt. 17-3), and |
| | The Hospital Services Agreement between Aetna Health Inc., on behalf of itself and its applicable Affiliates, and Texas Health Resources (ALIC's Motion for Summary Judgment, Exhibit A-2, at Dkt. 17-4). |

## TABLE OF CITATIONS

**CASES**

*David J. Sacks, P.C. v. Haden*,
    266 S.W.3d 447 (Tex. 2008) (per curiam)............................................2, 3

*Mayo v. Benthall*,
    No. 3:97CV231-B-A, 1998 WL 433942 (N.D. Miss. June
    12, 1998) ........................................................................................6

*Methodist Hosps. of Dallas v. Aetna Health Inc.*,
    No 3:13-cv-4992 (N.D. Tex. filed Dec. 23, 2013) ....................................5

*Tex. Health Res. v. Aetna Health Inc.*,
    No. 4:13-cv-1013 (N.D. Tex. filed Mar. 8, 2013) ....................................5

**STATUTES**

Tex. Ins. Code Ann. § 1575.008 (West 2009)................................................4

## I. INTRODUCTION

The Hospitals flounder for any basis to show that AHI is necessary, much less relevant at all, and provide new documents that plainly do not say what the Hospitals contend. For example, AHI's witnesses testified that the Agreements included all Aetna "affiliates"—confirming the Agreements' plain terms—and that the EOBs identify the responsible claim-administrator. Here, **_all_** EOBs for **_all_** of the claims at issue show ALIC—not AHI.

The Hospitals now offer five new internal THR documents (which are not, in fact, EOBs at all)[1] that only show "Aetna"—not AHI. The actual EOBs, that ALIC provides here, show that ALIC administered those claims, and the applicable plan document, previously proven up by ALIC, expressly states the same.

AHI's pleadings in other, still-pending lawsuits simply have no relevancy to ALIC's lawsuit. AHI can defend its affiliate's administration of self-funded claims as statutorily excluded from the TPPA, but that defense does not make AHI necessary here. The Court has no basis to require irrelevant parties in this lawsuit, particularly when ALIC's exclusive role for all self-funded claims is established by the uncontradicted record.

## II. ARGUMENT AND AUTHORITIES

### A. The Hospitals Admit That ALIC Was In Contractual Privity

Page five of the Hospitals' Supplemental Brief admits—in accordance with the plain terms of the Agreements—that they were in

---

[1] *See* App'x at 001, ¶ 4 (Affidavit of John Privet explaining that the "Hospital Documents are not Explanations of Benefits ("EOBs") and are not generated by ALIC").

– 2 –

contractual privity with ALIC for any potential prompt-pay dispute on self-funded claims:

- "[T]he need to join Aetna Health, Inc. as a required party in this action depends upon the governing contracts";

- AHI executed the Agreements "on behalf of itself and its *applicable Affiliates*" (the Hospitals' emphasis); and

- "The affiliate listing provided with the contract lists Aetna Life Insurance Company as an affiliate[.]"

B. **Both AHI Witnesses Testified That The Contracted Claim-Administrator "Would Be On The EOBs"**

The Hospitals, having debunked their own contractual arguments, look to parol testimony to contravene the unambiguous Agreements.[2] THR deposed AHI's non-retained experts that reviewed the claims in the state-court lawsuit,[3] but significantly, THR never asked the only relevant question here—was ALIC a contracted "affiliate" under the Agreements? Instead, the Hospitals look to testimony that only confirms AHI was contracted under the Agreements. While true, that is beside the point.

The uncontradicted record is that ALIC administered all the claims at issue in this lawsuit,[4] and even the Hospitals concede that ALIC is an affiliate on whose behalf the contract was made. Thus, ALIC is the entity

---

[2] *See, e.g., David J. Sacks, P.C. v. Haden,* 266 S.W.3d 447, 450 (Tex. 2008) (per curiam) ("An unambiguous contract will be enforced as written, and parol evidence will not be received for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports.").

[3] Neither witness was a designated corporate representative for AHI prepared or noticed to testify on the Hospital Services Agreement and the various corporate relationships implicated therein.

[4] *See infra* § C.

– 2 –

that is and will be exposed to the Hospitals for any prompt pay violation established under Chapter 1301 for all self-funded claims.[5]

For example, Mr. Roberts testified that "the contract is with Aetna Health, Inc., and its affiliates" and that "**_Aetna life . . . would be covered under this contract_**."[6] Mr. Roberts also explained that the Hospitals must reference the EOBs, as follows[7]:

> Q. But in the PPO setting, you're not sure if it's Aetna Health, Inc., or Aetna Life Insurance Company, or some other legal entity?
> A. It would be on EOBs, but I don't look at those often enough to know that answer.

Similarly (and as quoted by the Hospitals), Ms. Consiglio testified that payment on non-HMO claims, including all self-funded claims, "comes from Aetna Life Insurance Company" and that "it will specify on [the] explanation of benefits that it -- it lists the company name."[8]

Both AHI witnesses were clear that the Agreements included ALIC and that the responsible claim administrator (i.e., the potential prompt-pay defendant) would be shown on the EOBs. Here, all of the EOBs show ALIC, not AHI. And even if any testimony contravened the Agreements' express inclusion of ALIC (it does not), parol testimony cannot contravene the Agreements' plain terms. *David J. Sacks, P.C.*, 266 S.W.3d at 450. Thus, ALIC had contractual privity with the Hospitals as a matter of law.

---

[5] *See* Transcript of Oral Hearing, December 11, 2014, at 9.

[6] *Roberts Deposition*, at 9:15-24; 11:1-16 (emphasis added) (App'x at 023).

[7] *Roberts Deposition*, at 13:10-14 (App'x at 024).

[8] *Consiglio Deposition*, at 27:10-22 (Maiberger Declaration, Dkt. 62 at 15).

C. **All EOBs For All Self-Funded Claims At Issue Show ALIC; The Hospitals' Documents Do Not Show "Aetna Health Inc."** *Anywhere*

All of the EOBs—including all of the new documents submitted by the Hospitals (which are not actually EOBs[9])—establish that ALIC is the ***only*** proper party for ***all*** of the self-funded claims. Even the Hospitals' "EOBs" show "Aetna," not "Aetna Health Inc.":

> AETNA
> 151 FARMINGTON AVENUE
> HARTFORD CT 06156

The Hospitals' putative "EOBs" identify claims under the self-funded ERISA HealthMarkets plan. The HealthMarkets plan was expressly administered by ALIC, not AHI, as follows:[10]

> **Type of Administration:**
> Administrative Services Contract with:
>
> Aetna Life Insurance Company
> 151 Farmington Avenue
> Hartford, CT 06156

---

[9] The Hospitals' unauthenticated documents are not Aetna documents and are not really EOBs. *See* App'x at 001, ¶ 4. Rather, the Hospitals' documents appear to be printouts from the Hospitals' electronic patient-management system.

[10] Dkt. 28-2, pp. 324 & 350 of 382 (the HealthMarkets Summary Plan Description, directing any "questions, comments or concerns about [the member's] benefits or coverage" to "Aetna Life Insurance Company 151 Farmington Avenue Hartford, CT 06156"); *see* Dkt. 28-2, at p. 331 of 382 (defining "Aetna" as "Aetna Life Insurance Company"). Although the Hospitals identified a claim under the Teacher Retirement System of Texas plan—also administered by ALIC—that claim is expressly statutorily "exempt from any other insurance law," including TPPA penalties. *See* Tex. Ins. Code Ann. § 1575.008 (West 2009).

The actual EOBs under the HealthMarkets plan all agree, for example[11]:



Two of the claim-documents attached to the Maiberger Declaration (pages 22 and 23) are not even at issue, although they too were administered by ALIC.[12] Those claims were "denied" (i.e., zero-pay) and the Hospitals expressly disclaimed them in seeking remand.[13]

### D. AHI's Defenses In Other Lawsuits Cannot Dictate This Court's Jurisdiction Over ALIC's Claims

AHI can defend its affiliate's administration of self-funded claims as statutorily excluded from the TPPA in cases involving claims under both Chapters 843 and 1301, but that defense does not make AHI necessary here, where ALIC administered all of the claims at issue and no claims under Chapter under 843 are asserted. In fact, AHI's statutory defenses[14] have previously proven determinative on all self-funded

---

[11] *See* Dkt. 28-2, p. 365 of 382; *see also* App'x at 004-014.

[12] *See* App'x at 011 & 017.

[13] On the right-hand side of pages 22 and 23 of the Maiberger Declaration, the "Paid" amount is shown as "0.00" establishing a denied claim subject to the Hospitals' disclaimer. *See Methodist Hosps. of Dallas v. Aetna Health Inc.*, No 3:13-cv-4992 (N.D. Tex. filed Dec. 23, 2013) (Declaration of Charles Brizius, at Dkt 6-2, ¶ 11); and *Tex. Health Res. v. Aetna Health Inc.*, No. 4:13-cv-1013 (N.D. Tex. filed Mar. 8, 2013) (Declaration of James Logsdon, at Dkt. 12, pp. 9-10 of 50). Indeed, the claim at page 21 of the Maiberger Declaration is precluded under the same disclaimer because it shows multiple "NON COVERED CHARGES."

[14] The Hospitals nonsensically assert—devoid of authority, reasoning, or legal basis—that "there can be no doubt that Aetna Health, Inc. meets that definition [in Chapter 1301] of insurer". That is plainly wrong; AHI is only an HMO under Chapter 843, not an "insurer" under Chapter 1301. *See* ALIC's Supplemental Brief (Dkt. 59), at II.C & II.D.

– 6 –

claims. In addition, AHI's current general-denial in THR's state-court lawsuit is not determinative; that case is set for trial in November 2015.

### E. The Hospitals Again Confuse "Complete" Preemption With This Court's Original Jurisdiction Granted By ERISA

The Hospitals' reliance on *Mayo v. Benthall*, No. 3:97CV231-B-A, 1998 WL 433942 (N.D. Miss. June 12, 1998) is misplaced. That case concerns ***removal jurisdiction*** and a remand to state court. *Mayo* has no application to ALIC's claims originally brought in this Court.[15]

### III. CONCLUSION AND PRAYER FOR RELIEF

Diversity jurisdiction exists. Plaintiff Aetna Life Insurance Company is entitled to judgment from this Court as the only ERISA claim administrator potentially liable under Chapter 1301 of the Texas Insurance Code for all self-funded ERISA claims at issue. Additionally, nothing alters ALIC's federal rights as a federally-regulated ERISA claim administrator on self-funded ERISA claims.[16] The Court's properly-invoked jurisdiction cannot be denied.

---

[15] *See also* ALIC's Supplemental Brief (Dkt. 59), at II.E.

[16] ALIC's Unopposed Motion for Leave to File Supplemental Appendix (Dkt. 64), filed on January 7, 2015, remains pending with the Court.

Respectfully submitted,

ANDREWS KURTH LLP

By: *s/ John B. Shely*
    John B. Shely
    Texas Bar No. 18215300
    *jshely@andrewskurth.com*
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4200
    (713) 220-4285 (Fax)

ATTORNEY-IN-CHARGE FOR PLAINTIFF AETNA LIFE INSURANCE COMPANY

OF COUNSEL:

Dimitri Zgourides
Texas Bar No. 00785309
Kendall M. Gray
Texas Bar No. 00790782
Mitchell A. Reid
Texas Bar No. 24037346
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

Mark A. Shoffner
Texas Bar No. 24037490
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
(214) 659-4400
(214) 659-4401 (Fax)

## CERTIFICATE OF SERVICE

    I hereby certify that on January 9, 2015, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who are known "Filing Users."

                         *John B. Shely*
                         John B. Shely